**In re John William ORR, Jr., a/k/a J.W. Orr, Jr., Mildred Dora Orr, Debtors.**

**Bankruptcy No. 87–00066–S07.**

United States Bankruptcy Court, E.D. North Carolina.

March 23, 1987.

Trawick H. Stubbs, Jr., New Bern, N.C., for debtors.

Richard M. Stearns, Kinston, N.C., for Trustee.

Mark C. Kirby, Raleigh, N.C., for BB & T.

Jacqueline R. Clare, Raleigh, N.C., for Wachovia.

**MEMORANDUM OPINION AND ORDER**

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the multifaceted "Motion to Dismiss or to Convert to Chapter 11, for Relief from the Automatic Stay or, in the Alternative, for Adequate Protection and for Sequestration of

Rents, Income, Etc." (as amended on March 12, 1987) filed by Branch Banking and Trust Company ("BB & T"). A response was filed by Wachovia Bank and Trust Company ("Wachovia") and a hearing was held in Raleigh, North Carolina on March 16, 1987.

This Memorandum Opinion and Order will only address the issue of the debtors' eligibility for chapter 12 and the request for conversion of the case to chapter 11.

*Eligibility for Chapter 12*

John William Orr, Jr., and Mildred Dora Orr, blueberry farmers from Pender County, North Carolina, filed a voluntary joint petition under chapter 12 of the Bankruptcy Code on January 9, 1987. BB & T, the debtors' largest creditor, contends that the debtors do not qualify for chapter 12 relief because, pursuant to 11 U.S.C. § 109(f) [1], only a "family farmer with regular annual income" may be a chapter 12 debtor. According to BB & T, the debtors do not come within the definition of "a family farmer with regular annual income" set forth in 11 U.S.C. § 101(18) [2] because their annual income is not sufficiently stable and regular to make payments under a chapter 12 plan and because the debtors do not come within the definition of "family farmer." BB & T maintains that the debtors have aggregate debts in excess of $1,500,000, and therefore do not meet the requirements under 11 U.S.C. § 101(17)(A) [3] to be a "family farmer."

The parties agree that whether Mr. and Mrs. Orr's aggregate debts exceed $1,500,-000 depends on how much the debtors owe BB & T. Mr. Jack Hayes, the head of BB & T's bankruptcy division, testified that the amount of the debtors' indebtedness to BB & T as of January 9, 1987, was $862,612.53. If that amount is correct, the debtors' aggregate debts as of January 9, 1987, were $1,641,594.39. The debtors' schedules, however, show that the indebtedness to BB & T is only $676,227.52. BB & T's original motion stated that the indebtedness was $665,604.25 as of January 9, 1987 (the total being the sum of the balances of four notes—$368,294.64, $272,680.65, $21,-461.61, and $3,167.35). Previously, in a verified complaint initiating a foreclosure action in state court prior to the bankruptcy, BB & T stated that the amount of the debt was $676,227.52 as of November 6, 1986, (Debtors' Exhibit # 1). BB & T also sent a statement to the debtors prior to bankruptcy which said that the amount outstanding as of December 31, 1986, was $577,049.17 (Debtors' Exhibit # 2). Mr. Hayes explained that the discrepancies were caused by the bank's failure to include sums which were "charged off" on BB & T's books, but for which the debtors remained liable.

Mr. Orr testified that he had made some payments to an officer of BB & T, but no receipts or cancelled checks were offered in evidence. It is possible that the debtor did make payments to BB & T, but it is also possible that those payments were made in connection with other loans.

In any event, the court finds Mr. Hayes' testimony to be credible and finds that the amount of the debt owed by the debtors to BB & T as of January 9, 1987, to be $862,-612.53. Consequently, the debtors had

---

1. 11 U.S.C. § 109(f) provides that "[o]nly a family farmer with regular annual income may be a debtor under Chapter 12 of this title."

2. 11 U.S.C. § 101(18) defines "family farmer with regular annual income" to mean "family farmer whose annual income is sufficiently stable and regular to enable such family farmer to make payments under a plan under chapter 12 of this title."

3. 11 U.S.C. § 101(17)(A) defines an individual "family farmer" as follows:
    [an] individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $1,500,000 and not less than 80 percent of whose aggregate noncontingent, liquidated debts (excluding a debt for the principal residence of such individual or such individual and spouse unless such debt arises out of a farming operation), on the date the case is filed, arise out of a farming operation owned or operated by such individual or such individual and spouse, and such individual or such individual and spouse receive from such farming operation more than 50 percent of such individual's or such individual and spouse's gross income for the taxable year preceding the taxable year in which the case concerning such individual or such individual and spouse was filed.

aggregate debts of $1,641,594.39 as of the date of their joint chapter 12 petition which exceed the $1,500,000 limit of 11 U.S.C. § 101(17)(A). The debtors are therefore not eligible for relief under chapter 12.[4]

*Conversion to Chapter 11*

BB & T's motion requests that the debtors' case be converted to a case under chapter 11. At the beginning of the hearing, however, BB & T withdrew that request. After the court announced its decision that the debtors do not qualify for chapter 12 relief, the debtors moved to convert their case to a case under chapter 11.

There is no provision in chapter 12 which specifically authorizes conversion of a case under chapter 12 to a case under chapter 11. A chapter 12 debtor may convert to chapter 7 at any time pursuant to 11 U.S.C. § 1208(a) and a chapter 12 debtor may be involuntarily converted to chapter 7 pursuant to 11 U.S.C. § 1208(d) on request of a party in interest and after notice and a hearing upon a showing that the debtor has committed fraud in connection with the case.[5] Debtors under chapter 11 may convert to chapter 12 if "such conversion is equitable"[6] but there is no similar Code section which addresses a chapter 12 debtor's request to convert to chapter 11. The omission may not have been entirely unintentional.

The Senate version of chapter 12, S. 2249,[7] contained no provision which would allow a "family farmer" under chapter 12 to convert to chapter 11 or chapter 13.[8] A section by section analysis of S. 2249 included in a floor statement by Senator Charles Grassley, chapter 12's primary Senate sponsor, makes clear that the omission from S. 2249 of a provision authorizing conversion from chapter 12 to chapter 11 or chapter 13 was intended to deny "family farmers" in chapter 12 the ability to convert to chapter 11 or chapter 13. According to the analysis—

> § 1210—The debtor may convert to chapter 7, but not to chapter 11 or chapter 13. The effect of this is to eliminate delays which could result from manipulative conversions by the debtor.

132 Cong.Rec. S 5557, 99th Cong., 2d Sess. (daily ed. May 7, 1986) (statement of Senator Grassley).

It would be entirely unfair to creditors to permit a debtor who was unsuccessful in chapter 12 to start anew in chapter 11 or chapter 13 after exhausting the chapter 12 process.[9] Chapter 12 is designed to make confirmation of plans easier than confirmation of plans under chapter 11 and, in most cases, it would make no sense to allow a failed chapter 12 debtor to begin again in

---

**4.** 11 U.S.C. § 101(17)(A) does not state as of what date the aggregate debts are determined for purposes of the $1,500,000 limitation. The court will use the petition date of January 9, 1987, to make that determination in this case.

**5.** A new provision of 11 U.S.C. § 105(a), added by the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, permits the bankruptcy court to *sua sponte* convert a chapter 12 case to a case under chapter 7 to prevent an abuse of the bankruptcy system if the debtor had committed fraud in connection with the case. The new provision, however, was contained in subtitle A of Title II of the Amendments which does not apply to the Eastern District of North Carolina and other districts within the states of North Carolina and Alabama until those districts "opt-in" to the U.S. Trustee system or October 1, 1992, whichever occurs first. P.L. No. 99–554, § 302(d)(3).

**6.** 11 U.S.C. § 1112(d). This section provides that:

The court may convert a case under this chapter to a case under chapter 12 or 13 of this title only if—

(1) the debtor requests such conversion;

(2) the debtor has not been discharged under section 1141(d) of this title; and

(3) if the debtor requests conversion to chapter 12 of this title, such conversion is equitable.

**7.** S. 2249 was introduced on March 26, 1986, by Senator Grassley with co-sponsors Senators DeConcini, Zorinksy, and D'Amato. 132 Cong.Rec. S 3528–3529, 99th Cong., 2d Sess. (March 26, 1986).

**8.** S. 2249 would have allowed a chapter 12 debtor to convert to chapter 7. § 1210(a).

**9.** This would have been especially unfair under S. 2249 which gave chapter 12 debtors an exclusive period of 240 days to file a plan and 300 days from the order for relief to have the plan confirmed. S. 2249, § 1211.

chapter 11 where confirmation is more difficult.

There may, however, be situations when conversions from chapter 12 to chapter 11 or chapter 13 would not be unfair to creditors and the denial of conversion would be inequitable to the debtor. The case now before the court falls in that category. It is apparent that Mr. and Mrs. Orr filed their petition under chapter 12 in good faith believing that their aggregate debts did not exceed $1,500,000 and that they met the definition of "family farmer" under 11 U.S.C. § 101(17)(A) and the definition of "family farmer with regular annual income" under 11 U.S.C. § 101(18). If either the erroneous loan balance provided to the debtors by BB & T or the balance which BB & T included in a verified complaint in state court was correct, the debtors would have qualified as a "family farmer" and would have been eligible for chapter 12 relief. Those amounts, however, were incorrect and the debtors do not qualify for chapter 12.

S. 2249, the Senate version of chapter 12, contained a provision which would have specifically addressed Mr. and Mrs. Orr's situation. S. 2249, § 1210(b), would have permitted a person filing a chapter 12 petition in good faith to convert to chapter 7, 11, or 13 if the person was determined by the court not to be a "family farmer." Chapter 12 has no such provision, but coversion from chapter 12 to chapter 11 in these circumstances should not be denied.

An alternate solution would be to dismiss the debtors' case and permit a refiling under chapter 11. The dismissal of a case does not "prejudice" the debtor with regard to the filing of a subsequent petition under the title, except as provided in section 109(f) (now section 109(g)).[10] 11 U.S.C. § 349(a).

11 U.S.C. § 109(g) provides that:

Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

Section 109(g) would not be a bar to refiling in this case because the dismissal was not requested by the debtors and dismissal was not based on the "willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." The debtors' improper filing under chapter 12 was done in good faith based in part upon a reasonable reliance on the loan balances provided by BB & T.

The debtors could refile after dismissal, but what would be accomplished? There is no evidence that creditors would be prejudiced by allowing conversion to chapter 11 and there appears to be no good reason to require the formality of refiling.

■ The issue was not raised by BB & T, but there is authority that if a debtor files a petition under a chapter for which the debtor does not qualify, the filing is a "nullity" and there is no case to convert to another chapter. In the case of *Matter of Wulf,* 62 B.R. 155 (Bankr.D.Neb.1986), the court refused to allow an ineligible chapter 13 debtor to convert to chapter 11. Certainly, if the petitioner does not qualify for relief under any chapter of the Bankruptcy Code, the case should be dismissed, *In re Universal Clearing House Co.,* 60 B.R. 985 (D. Utah 1986), and there may be cases where an ineligible chapter 13 or chapter 12 debtor should not be permitted to convert to chapter 11.[11] The Code, however,

---

10. Former 11 U.S.C. § 109(f) was changed to § 109(g) by the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, but no corresponding change was made in 11 U.S.C. § 349(a) to reflect the new designation to § 109(g).

11. For example, conversion should not be allowed if the debtor knew that he was not eligi-

should not be interpreted so narrowly as to preclude all conversions by ineligible chapter 12 and chapter 13 debtors to chapter 11. Where a petitioner files for relief under chapter 12 but does not qualify pursuant to 11 U.S.C. § 109(f) for relief under chapter 12, the court may in its discretion permit conversion to chapter 11 where the chapter 12 petition was filed in good faith, creditors will not be prejudiced by the conversion, and conversion would not be otherwise inequitable.

■ In this case, Mr. and Mrs. Orr filed their petition in good faith believing that they qualified as chapter 12 debtors. They did not abuse the bankruptcy process and the court can see no harm to creditors in allowing conversion of their case to chapter 11. In fact, the change in the petition date which would occur upon refiling would result in a change of the date used in computing the preference period and is therefore potentially detrimental to creditors. Accordingly,

IT IS HEREBY ORDERED that John William Orr, Jr. and Mildred Dora Orr do not qualify for relief under chapter 12 of the Bankruptcy Code; and

IT IS FURTHER ORDERED that the debtors' case be converted to a case under chapter 11 of the Bankruptcy Code; and

IT IS FURTHER ORDERED that the debtors shall have ten (10) days from the date of entry of this order to pay to the Clerk of the United States Bankruptcy Court for the Eastern District of North Carolina the sum of Three Hundred Dollars ($300) which represents the difference between the filing fee under chapter 12 and the filing fee under chapter 11.

ble for relief under the chapter in which the petition was filed, or if the debtor willfully failed to "abide by the orders of the court or to appear before the court in proper prosecution of the case."