Frank M. Pees, Worthington, Ohio, trustee.

Grady L. Pettigrew, Jr., Columbus, Ohio, Robert C. Paxton, II, Columbus, Ohio, for debtor.

Kenneth J. Nordstrom, Ashland, Ohio, Richard Heath, Utica, Ohio, for Farmers Production Credit Ass'n.

William B. Logan, Columbus, Ohio, for Federal Land Bank of Louisville.

## ORDER OVERRULING MOTION TO CONVERT AND GRANTING MOTIONS FOR DISMISSAL

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court upon Federal Land Bank of Louisville's Motion

**In re Roy Lee JOHNSON aka R. Lee Johnson, Debtor.**

**Bankruptcy No. 2–87–00143.**

United States Bankruptcy Court, S.D. Ohio, E.D.

May 1, 1987.

to Dismiss for Lack of Jurisdiction, Farmers Production Credit Association of Ashland's Motion to Dismiss for Lack of Jurisdiction and Application for an Order for Relief from Stay, Prohibiting or Conditioning Use of Collateral or in the alternative Abandonment.

A hearing was held on February 26, 1987 on the Motions to Dismiss. The Court at the conclusion of the hearing expressed its opinion that the motions to dismiss were meritorious; the debtor then asked leave to move to consolidate this Chapter 12 case with the Chapter 12 case of his wife and to convert to Chapter 11, whereupon the Court reserved ruling pending consideration of those Motions. On March 10, 1987, Debtors filed an Election to Convert and Motions for Consolidation, for Continuing Automatic Stay under § 362, for Release of Chapter 12 Trustee, and for an Order Determining Exclusive 120-day Period.

This Order will address the issues of dismissal for lack of jurisdiction and conversion to Chapter 11.

The facts in this case are as follows. Roy Lee Johnson individually filed this case seeking relief under Chapter 12, Adjustment of Debts of a Family Farmer with Regular Annual Income. At the same time, his wife, Frances K. Johnson, individually filed for relief under Chapter 12, that case bearing this court's case number 2-87-00144.

In filing these two cases, the Johnsons divided their joint debts, showing one-half owed by each of them. The Johnsons are co-makers on their debts. The Federal Land Bank of Louisville claims the debtors are jointly and severally liable for the sum of $1,100,440.39 plus interest. Farmers Production Credit Association's indebtedness, similarly, is in the amount of $543,248.54. The schedules list significant additional indebtedness.

The purpose of declaring one-half of the joint and several indebtedness in each individual's case was to bring each under the $1,500,000.00 debt limit for a "family farmer" as defined in 11 U.S.C. § 101(17)(A). This debt limitation is the only issue in the challenge to this Court's jurisdiction under Chapter 12.

*Eligibility under Chapter 12.*

■ Debtors do not deny that their aggregate debts exceeded $1,500,000.00 at the date of their petitions. In response to to the challenge under § 101(17), the debtors make the sole assertion that they are separate citizens and thus entitled to separate cases. No authority was cited to support the position of dividing joint debts between the separate cases. This Court upon hearing the motions, there being no material fact in issue, ruled that the language of § 101(17)(A) is clear and unambiguous as to the aggregate debt limit of Chapter 12.

The entire theme of this new Chapter is the "family farmer" and all sections of this Chapter reinforce the concept of the family farm as an economic unit worthy of special protection. This Court having carefully studied the provisions of Chapter 12 finds no justification in any of the Chapter 12 Code provisions or the legislative history to support the separate filings by the husband and wife family farmers in this case in order to circumvent the debt limitations set out in § 101(17)(A). Our search for opinions of other courts on this issue does not disclose any precedent. However, this is not surprising considering the relatively recent enactment of Chapter 12.

If analogy to the debt limit in Chapter 13 were considered to merit consideration, distinguished authority exists from a former judge of this Court. The case is *In re Cronkleton*, 18 B.R. 792 (Bankr., S.D.Ohio, E.D.1982). Judge Sidman noted that "the limiting provisions of § 109(e) of the Bankruptcy Code are to be strictly interpreted, and debtors who exceed the debt limitations do not qualify for Chapter 13 relief." Judge Sidman rejected the argument of the debtors, who were husband and wife, that each was only liable for a pro rata share of the obligations to a creditor when the notes executed by the husband and wife established that each was a co-maker in the obligation and owed the entire obligation.

This Court accordingly has no reservation concerning its oral opinion, stated at

the hearing, that the motions to dismiss based on § 101(17) were meritorious; however, counsel for defendants at that point asked leave to file motions to consolidate the cases and to convert to Chapter 11, whereupon the Court agreed to reserve ruling pending consideration of those motions. Thereafter, debtors' counsel filed those motions and, subsequently, an agreed Order was tendered to the Court, which Order would convert the case to Chapter 11, release the Chapter 12 trustee, consolidate the cases and determine the exclusive 120–day period to run from the date of entry of the Order. The Motion to Convert and the submission of this Order present a significant issue—Can a case filed under Chapter 12 be converted to Chapter 11? We now turn to the consideration of this issue as it will be dispositive of this case.

*Conversion to Chapter 11.*

█ "There is no provision in Chapter 12 which specifically authorizes conversion of a case under Chapter 12 to a case under Chapter 11." Authority for this unequivocable statement arises from the opinion of Judge A. Thomas Small, *In re John William Orr, Jr.; Mildred Dora Orr,* 71 B.R. 639 (Bankr.E.D.N.C.1987). Judge Small was specifically recognized in the Congressional Record by Senator Charles Grassley (Chapter 12's primary Senate sponsor) for his contributions to the drafting of the Chapter 12 legislation. It was not only a surprise to find a case with facts as similar as are before this court but also exceptionally fortuitous to find an opinion by such a qualified authority, considering the newness of the Chapter. In a case with striking analogy to the instant case, Judge Small reviews in depth the legislative history of 11 U.S.C. § 1208(a) and (d) and observes that debtors under Chapter 11 may convert to Chapter 12 if "such conversion is equitable" but there is no similar Code section which addresses a Chapter 12 debtor's request to convert to Chapter 11. *"The omission may not have been entirely unintentional,"* he comments. After discussing relevant provisions of the bills which eventually resulted in Chapter 12 and floor statements by Senator Grassley, he concludes that the purpose behind allow-

ing conversion to Chapter 7, but not to 11 or 13, was to prevent delays which could result from manipulative conversions by the debtors.

Judge Small's opinion then reasons as follows:

There may, however, be situations when conversions from chapter 12 to chapter 11 or chapter 13 would not be unfair to creditors and the denial of conversion would be inequitable to the debtor. The case now before the court falls in that category. It is apparent that Mr. and Mrs. Orr filed their petition under chapter 12 in good faith believing that their aggregate debts did not exceed $1,500,-000 and that they met the definition of "family farmer" under 11 U.S.C. @ 101(17)(A) and the definition of "family farmer with regular annual income" under 11 U.S.C. @ 101(18). If either the erroneous loan balance provided to the debtors by BB & T or the balance which BB & T included in a verified complaint in state court was correct, the debtors would have qualified as a "family farmer" and would have been eligible for chapter 12 relief. Those amounts, however, were incorrect and the debtors do not qualify for chapter 12.

The Senate version of chapter 12, contained a provision which would have specifically addressed Mr. and Mrs. Orr's situation.... S. 2249, @ 1210(b), would have permitted a person filing a chapter 12 petition in good faith to convert to chapter 7, 11, or 13 if the person was determined by the court not to be a "family farmer." Chapter 12 has no such provision, but conversion from chapter 12 to chapter 11 in these circumstances should not be denied.

An alternate solution would be to dismiss the debtors' case and permit a refiling under chapter 11 ...

We note significant emphasis on "good faith" filing under Chapter 12; it is this element which distinguishes this case from the case before Judge Small. This court cannot find from the circumstances in the instant case that the separately filed cases were commenced in "good faith"; rather

they appear to be manipulative of the provisions of Chapter 12 and of the Bankruptcy Code. It would not seem fair to creditors to allow resourceful counsel for debtors to play the field in both chapters if that manipulation can be detected by the Court.

The submission of an agreed Order to Convert cannot in this case be considered to justify a conversion from Chapter 12 to Chapter 11, when the facts of the case do not qualify it for a "good faith" exception to the clear jurisdictional limitations of 11 U.S.C. § 101(17)(A). Accordingly, the Motions to Dismiss are sustained and the subsequent motions fail as a result of the dismissal.

IT IS SO ORDERED.