**In the Matter of Robert W. BIRD and Pauline M. Bird, Debtors.**

**Bankruptcy No. GG 87–01664.**

United States Bankruptcy Court,
W.D. Michigan.

Dec. 18, 1987.

Paul B. Newman, Newaygo, Mich., for debtors.

Daniel M. LaVille, Grand Rapids, Mich., for U.S. Farmers Home Admin.

Michael S. McElwee, Grand Rapids, Mich., for Grant State Bank.

Raymond B. Johnson, Grand Rapids, Mich., Chapter 12 trustee.

## MEMORANDUM OPINION AND ORDER REGARDING DEBTORS' MOTION TO CONVERT CHAPTER 12 CASE TO CHAPTER 11 CASE

JAMES D. GREGG, Bankruptcy Judge.

The issue before the Court is whether the Debtors may convert their Chapter 12 case to a Chapter 11 case under the Bankruptcy Code.

On June 1, 1987, Robert W. Bird and Pauline M. Bird, hereinafter "Debtors", filed a Voluntary Petition for Relief Under Chapter 12 of the Bankruptcy Code. The Debtors filed their Chapter 12 Plan on September 18, 1987. The confirmation hearing was scheduled to occur on October 30, 1987. The Farmers Home Administration, hereinafter "FmHA", and the Grant State Bank, hereinafter "the Bank", secured creditors, each filed formal objections to confirmation of the Debtors' Plan. Pursuant to a stipulation by the parties, this Court adjourned the confirmation hearing to November 24, 1987.

On November 13, 1987, the Debtors filed their Motion for Leave to Convert to Chapter 11. In that motion, the Debtors first admitted they were not qualified for relief under Chapter 12 according to the standard prescribed by 11 U.S.C. §§ 101(17) and 109(f). The motion to convert was scheduled to be heard on December 4, 1987.

On November 24, 1987, the adjourned confirmation hearing took place. Also scheduled on that date was the Trustee's motion to dismiss the Chapter 12 case. The Trustee asserted that the Debtors had failed or neglected to comply with their statutorily imposed duties and this Court's Definitive Order: Chapter 12 which was entered on July 16, 1987. The Trustee also alleged the Debtors were not acting in good faith. After hearing preliminary arguments from the parties, the Court adjourned the confirmation hearing without date and adjourned the Trustee's motion to dismiss until December 4, 1987 to be considered simultaneously with the Debtors' motion to convert.

The attorneys for the Debtors, FmHA, and the Bank each submitted briefs relating to the issue of whether a Chapter 12 case can be converted to a Chapter 11 case. At the December 4 hearing, the Court also heard additional arguments presented by the parties respecting the legal issue.

11 U.S.C. § 1208(a) states:

> The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.

The Bank argues that § 1208(a) permits a Chapter 12 case to be converted only to a Chapter 7 case. The Bank asserts that because the subsection does not explicitly state that a conversion to Chapter 11 (or Chapter 13) is permissible, the Court is without authority to convert a Chapter 12 case to any type of case except Chapter 7. To buttress its conclusion, the Bank relies upon the following statement of Senator Grassley, who was one of the sponsors of the Chapter 12 legislation:

> The Debtor may convert to Chapter 7, but not to Chapter 11 or Chapter 13. The effect of this is to eliminate delays which would result from manipulative conversions by the Debtor.

132 Cong.Rec. S5557, 99th Cong., 2d Sess. (daily ed. May 7, 1986). The thrust of the Bank's argument is that once a debtor chooses to elect to obtain relief under Chapter 12, the debtor is absolutely barred from converting the case to Chapter 11 because of the inherent danger of manipulation of the bankruptcy process.

11 U.S.C. § 1208(e) provides that:

Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

The Debtors argue that this subsection, although not expressly authorizing conversion from Chapter 12 to Chapter 11, implies that a conversion may be permitted to another chapter provided a debtor qualifies to be a debtor under the chapter. See 11 U.S.C. § 109. Alternatively, the Debtors argue that if they are not entitled to be a debtor under Chapter 12 because they do not meet the definition of a "family farmer" under 11 U.S.C. § 101(17), the Chapter 12 filing should be considered as a nullity and the Court should be deemed to be without jurisdiction over the Debtors. The Debtors assert that *In the Matter of Wulf,* 62 B.R. 155 (Bankr.D.Neb.1986) supports this result.

FmHA submits that the Court may convert a Chapter 12 case to a case under Chapter 11 pursuant to its sound discretion relying upon *In re Orr,* 71 B.R. 639 (Bankr. E.D.N.C.1987), and *In re Johnson,* 73 B.R. 107 (Bankr.S.D. Ohio 1987). FmHA originally objected to the Debtors' Plan, among other reasons, because it asserted the Debtors were not qualified to be Chapter 12 debtors. However, FmHA does not object to the Debtors' requested conversion to Chapter 11.

■ This Court believes that 11 U.S.C. § 1208(a) does not prohibit conversion of a Chapter 12 case to a Chapter 11 case. Rather, that subsection grants an *absolute* nonwaivable right to a debtor to convert to Chapter 7 at any time after commencement of a Chapter 12 case. This absolute right is analogous to a Chapter 13 debtor's right to convert to Chapter 7 pursuant to 11 U.S.C. § 1307(a). This Court further believes that a debtor may convert a Chapter 12 case to a Chapter 11 case pursuant to 11 U.S.C. § 1208(e). The Court is aware that this subsection does not *explicitly* authorize a Chapter 12 case to be converted to a Chapter 11 case. The Court is also aware of an argument that Congress knew how to draft language to explicitly authorize cases

to be converted to other chapters. *Compare* 11 U.S.C. § 1112(d) and 11 U.S.C. § 1307(d) *with* 11 U.S.C. § 1208(e).

■ Section 1208(e) is inartfully drafted. However, its language should be construed broadly to permit a Chapter 12 debtor to convert to any other chapter under which the debtor is qualified to be a debtor. The right to convert is only absolute with regard to Chapter 7 cases. In all other instances, the ability to convert a Chapter 12 case is permissive in the Court's sound discretion.

■ This Court's legal conclusion is supported by the very persuasive and well-reasoned case of *In re Orr,* 71 B.R. 639 (Bankr.E.D.N.C.1987). However, the Court declines to follow the reasoning of *In the Matter of Wulf,* 62 B.R. 155 (Bankr.D.Neb. 1986), a Chapter 13 case relied upon by the Debtors, because to do so might lead to a possible abuse of the bankruptcy process or otherwise lead to inequitable results. After a debtor erroneously files for relief under Chapter 12 and obtains the benefits therefrom, including the protection of the automatic stay, this Court does not believe that the filing should be deemed to be *void ab initio.* Such a decision may lead to the very manipulation condemned in Senator Grassley's remarks.

■ What factors should be considered in determining whether a debtor in a Chapter 12 case should be *permitted* to convert to a Chapter 11 case? The Court believes the considerations which might be relevant on a case-by-case basis include:

1. Was the debtor in good faith when the Chapter 12 petition was filed, e.g., did the debtor reasonably believe he was a "family farmer" qualified to seek relief under Chapter 12?

2. Has the debtor timely complied with the duties imposed upon him by the Bankruptcy Code, including 11 U.S.C. §§ 521, 1203, and 1221, and applicable Bankruptcy Rules?

3. Has the debtor abided by orders of the court?

4. Has the debtor committed fraud or shown dishonesty, incompetence, or gross mismanagement after commencement of the case?

5. Has there been undue delay caused by the debtor after commencement of the case?

6. Is there any evidence of manipulation, abuse of the bankruptcy system, or violation of the spirit of the bankruptcy law?

7. Will the requested conversion be materially prejudicial to the debtor's creditors or other parties in interest?

8. Do any other factors exist that demonstrate it is inequitable to convert the case?

■ Testimony was elicited after the Court made a legal determination that conversion to Chapter 11 might be permissible based upon the above factors. The Trustee testified that the Debtors were uncooperative during the pendency of the case and had not timely provided requested documents, including post-filing financial information, copies of pre-filing tax returns, and proof of insurance. The Trustee also testified the Debtors had failed to fully comply with certain court orders and opined the Debtors lacked good faith.

Robert Bird, one of the Debtors, testified that he was unaware that he had failed to comply with court orders and that he had transmitted all requested information to his attorney to be forwarded to the Trustee. Mr. Bird testified that he did not know his attorney failed to provide the information to the Trustee. He testified he believed he had cooperated with the Trustee in the past, he is now willing to cooperate with the Trustee, and he will abide by all court orders and comply with all of his duties in the future. Mr. Bird admitted he had failed to file an insurance report with the Court and that certain assets were not covered by insurance until very recently. Further, during Mr. Bird's testimony, it became clearly apparent to the Court that he is unable to read and is somewhat incapable of fully understanding financial and legal concepts. Mr. Bird therefore relies upon his attorney or his wife to read and explain to him documents and Court orders. During Mr. Bird's limited testimony, the Court found him to be credible.

The Debtors' attorney represented to the Court that he had been "very busy" and had not promptly sent the requested documents to the Trustee after he had received them from his client. The Debtors' attorney also admitted that he had discovered, after filing the case, that the Debtors did not qualify for Chapter 12 relief as a result of recently discovered facts. The Court feels it is inappropriate to now penalize the Debtors as a result of their attorney's apparent neglect.

Based upon the record to date, the Court finds that the Debtors' failures to comply with their duties and to fully abide by Court orders is the result of their neglect and their inability to adequately communicate with their attorney. Although the Court is very concerned about the good faith issue, at the present time, the Court is willing to give the Debtors the benefit of the doubt based upon Mr. Bird's testimony. The Court therefore finds, to date, that the Debtors have not *willfully* violated Court orders, *purposely* caused undue delay during the course of the proceedings, or *consciously* attempted to manipulate the bankruptcy process. Also, there has been no allegation or evidence that creditors have been materially prejudiced during the Chapter 12 case. Although it is a close question based upon the record, the Court will permit, in its discretion, the Debtors to convert their Chapter 12 case to a Chapter 11 case subject to certain conditions set forth below. Accordingly:

IT IS HEREBY ORDERED that the Debtors do not qualify for relief under Chapter 12 of the Bankruptcy Code and that the Debtors' case be converted to a case under Chapter 11 of the Bankruptcy Code.

IT IS FURTHER ORDERED that the Definitive Order: Chapter 12 entered by the Court on July 16, 1987, shall remain in effect and continue to be binding upon the Debtors during the pendency of the Chapter 11 case.

IT IS FURTHER ORDERED that Raymond B. Johnson, the Chapter 12 Trustee, shall continue to serve as Trustee during the pendency of the Chapter 11 case. The Trustee shall file a bond in the amount of $75,000.00 pending his review of the es-

tate's assets and seeking a possible future modification of the bond amount pursuant to a subsequent court order.

IT IS FURTHER ORDERED that the Debtors shall forthwith file an insurance report with the Court, and serve a copy of that report upon the Trustee and the attorneys for FmHA and Grant State Bank, which demonstrates that there exists adequate fire and casualty insurance coverage on the real property and tangible personal property of the estate.

IT IS FURTHER ORDERED that the Debtors shall file a Chapter 11 Plan and Disclosure Statement with the Court on or before January 11, 1988.

IT IS FURTHER ORDERED that the Trustee's motion to dismiss shall be continued in the converted Chapter 11 case and that motion will again be considered on January 14, 1988 at 1:30 p.m.

IT IS FURTHER ORDERED that the Debtors shall have fifteen (15) days from the date of entry of this order to pay to the Clerk of the United States Bankruptcy Court for the Western District of Michigan the sum of Three Hundred Dollars ($300.00) which represents the difference between the filing fee under Chapter 12 and the filing fee under Chapter 11.