**In re CROSS TIMBERS RANCH, INC., Debtor.**

**Bankruptcy No. 92–20516–C–12.**

United States Bankruptcy Court, W.D. Missouri, C.D.

March 9, 1993.

J. Kaye Irwin, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, MO, for debtor.

Jerry W. Venters, Jefferson City, MO, for Agribank.

Vernon Poschel, Asst. U.S. Atty., Kansas City, MO, for FmHA.

Danny Nelson, trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

The debtor herein filed a Chapter 12 proceeding in this Court after having defaulted in a confirmed Chapter 11 proceeding in Oklahoma. This Court has heretofore denied confirmation of two plans of reorganization, lifted the automatic stay so that Agribank FCB could proceed with its foreclosure, and now addresses Agribank's Motion To Dismiss heard on February 4, 1993.

The Motion To Dismiss had three prongs to its thrust. First, Agribank asserted that the Chapter 12 was filed in bad faith. Second, that debtor was not eligible for Chapter 12 relief because less than 80% of its income for the year preceding the filing of the petition did not come from "farming operations." Third, that debtor was not eligible for Chapter 12 relief because debtor's aggregate debts exceed $1,500,000.00.

The Court will address the second prong first because it is the easiest. Debtor is a corporation in which the stock is owned by the Allison family (father and son). There is no income requirement for a "family farmer corporation" to have over 50% of its gross income be received from "such farming operation" (unlike the individual or individual and spouse) 11 U.S.C. § 101(18). Furthermore the 80% gross income test mandated in 11 U.S.C. § 101(20) is not applicable to a "family farmer." Accordingly, that issue is ruled against Agribank FCB.

The third prong is the next easiest issue and so will be addressed next. Debtor filed its original schedules on May 21, 1992. It listed the following claims:

| | |
|---|---|
| Bank of Urbana | $ 84,000.00 |
| Farm Credit Bank | 789,511.01 |
| FmHA | 152,133.34 |
| FmHA | 355,621.85 |
| Gordon Allison Trust | 61,497.00 |
| | $1,442,763.20 |

However, the claims filed by creditors revealed the following debts:

| | |
|---|---|
| Bank of Urbana | $ 155,979.08 |
| Farm Credit Bank | 801,976.57 |
| FmHA | 582,741.56 |
| Gordon Allison Trust | 77,383.88 |
| | $1,618,081.09 |

Subsequently the Bank of Urbana filed an amended claim and stated that it had agreed to waive interest on its note so that its claim was only $84,000.00. Also after the filing of the petition on May 21, 1992, and after the Gordon Allison Trust filed its claim on September 14, 1992, the debtor negotiated settlement of that claim for $5,100.00 and has pending before this Court a Motion To Approve Compromise and Settle such claim. No objection to any claim or its filed amount has been filed by the debtor. Thus, the apparent debts of the corporation on May 21, 1992, as it filed its Chapter 12 petition were as follows:

| | | | |
|---|---|---|---|
| Bank of Urbana | $ 84,000.00 | | $ 84,000.00 |
| Farm Credit Bank | 801,976.57 | | 801,976.57 |
| FmHA | 582,741.56 | OR | 582,741.56 |
| Gordon Allison Trust | 77,383.88 | | 61,497.00 |
| | $1,546,102.01 | | $1,530,215.13 |

Although some question arises as to what date the Court should use in determining the eligibility standard, *Collier on Bankruptcy*, 15th Ed., Vol. 2, Paragraph 101.18 states that it is the petition date. Bankruptcy Judge Thomas Small has ruled that way in *In re Orr*, 71 B.R. 639 (Bkrtcy. E.D.N.C.1987). This Court agrees that the filing date would seem to be the appropriate measuring point and concludes that the amount owed as of May 21, 1992, determines the issue of eligibility as to the $1,500,000.00 aggregate debt requirement. Further, if the debt is *prima facie* valid, most courts have held that it should be counted although debtor may have some defenses to pay or rights of offset. See *In re Quintana*, 107 B.R. 234 (9th Cir.BAP 1989). See also *In re Vaughan*, 100 B.R. 423 (Bkrtcy.S.D.Ill.1989), wherein Judge Meyers held that disputed debts are includable in determining eligibility. In that case Judge Meyers details the difference Congress mandated in the statute by using "aggregate debt" in the Chapter 12 context rather than "noncontingent, liquidated, secured or unsecured debt" in the Chapter 13 context or "not contingent as to liability or subject to a bona fide dispute debts" in the involuntary bankruptcy context of 11 U.S.C. § 303(b).

This Court agrees that the plain language of the statute indicates that disputed debts must be considered if they have any facial validity. Further, although the amount was later reduced, it is in the form of a compromise of claim that is pending now in front of the Court, thus indicating the claim existed in a larger amount before settlement. Finally, there is a strong appearance that debtor owes additional funds to the two principals. Apparently, the Allisons, William and Mollie, and Gregory and Holly, father, spouse, son and spouse, have advanced funds for the debtor and have ignored said advances in listing the debts owed by the debtor. The 1991 payment to Agribank was made in the amount of $69,340.57 by the Allisons, not Cross Timbers Ranch, Inc., but no obligation is shown as owing to the Allisons nor any indication that debtor has repaid

them (an item which should have shown up on the schedules in item 21 of Debtor's Statement of Financial Affairs).

In view of all the foregoing, there is no need to delve into the somewhat more murky question of "good faith filing" and the Court does not visit that issue. The Court finds that in May of 1992, debtor owed in excess of $1,500,000.00. Based on that finding, the Court concludes that the debts owed on the filing date, whether disputed or not, and whether listed or not, are what controls whether debtor was eligible to file. Since debtor owed more than $1,500,000.00 it lacked the requisite eligibility to file a Chapter 12 proceeding. The Court will, therefore, DISMISS this case.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.