**In re Carl H. MILLER, Debtor.**

**Bankruptcy No. 94–31197.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Dec. 15, 1994.

Randy L. Reeves, Lima, OH, for debtor.

Suzanne Cotner Mandross, Trustee, Toledo, OH.

Joseph C. Winner, Columbus, OH, for John Deere Co.

Russell R. Miller, Toledo, OH, for Huntington Nat. Bank.

Donna Weaver, Toledo, OH, for Lynette Miller.

Curtis J. Koch, Norwalk, OH, for Kova of Ohio.

Gregory D. May, Larry J. McClatchey, Columbus, OH, for Grower Service Corp.

## MEMORANDUM OPINION
## AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause originally came before the Court upon the Motion For Order of Dismissal of this Chapter 12 case by creditor Grower Service Corporation (hereafter "Grower"), and upon Debtor's Response. Memoranda were filed on the Motion, and a Hearing was held. At the Hearing, the Court instructed the parties to file additional memoranda. Debtor filed a Motion For Conversion to Chapter 11 Instead of Dismissal, and Grower filed a Motion Opposing Conversion. Grower has also filed a Renewed Motion For Dismissal on the basis that Debtor has failed to file a plan as required by the Bankruptcy Code, and Debtor filed a Response. For the following reasons, Debtor's Motion for Conversion to Chapter 11 will be Granted.

### FACTS

Debtor operates a farm and due to financial difficulties filed for Chapter 12 relief. These difficulties are related in large part to another business owned by the Debtor, Oak Ridge Ag Supply, Inc. (hereafter "Oak Ridge"). Oak Ridge was a corporation in the retail business of selling agricultural and non-agricultural goods and supplies, as well as petroleum products. Grower and other creditors sold goods to Oak Ridge on an open account basis. These goods were then sold by Oak Ridge in its retail operation. Debtor's obligations to Grower arises out of personal guarantees of the open accounts.

Oak Ridge's creditors subsequently obtained judgments against Debtor, and Debtor contends to have given consensual liens covering his farming assets to Grower and other creditors. When Grower filed its motion to dismiss, Debtor originally asserted in his response that he was eligible for Chapter 12 relief on the basis that these non-farming debts became debts which "arise out of a farming operation" pursuant to 11 U.S.C. 101(18)(A) when the liens attached to debtor's farming assets. Debtor has apparently abandoned this position, and now seeks to have his case converted to a Chapter 11 reorganization. Grower has also filed a Renewed Motion to Dismiss on the basis that Debtor has failed to timely comply with the provisions of Chapter 12.

### LAW

### 11 USC § 101. Definitions

(18) "family farmer" means—

(A) individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $1,500,000.00 and not less than 80 percent of whose aggregate noncontingent, liquidated debts (excluding a debt for the principal residence of such individual or such individual and spouse unless such debt arises out of a farming operation), on the date the case is filed, arise out of a farming operation owned or operated by such individual or such individual and spouse receive from such farming operation more than 50 percent of such individual's or such individual and spouse's gross income for the taxable year preceding the taxable year in which the case was filed.

(19) "family farmer with regular annual income" means family farmer whose annual income is sufficiently stable and regular to enable such family farmer to make payments under a chapter 12 of this title.

### 11 USC § 105. Power of the court

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court

orders or rules, or to prevent an abuse of process.

## 11 USC § 109.   Who may be a debtor

(f) Only a family farmer with regular annual income may be a debtor under chapter 12 of this title.

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by the orders of the court in proper prosecution of the case;  or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from automatic stay provided by section 362 of this title.

## 11 USC § 349.   Effect of dismissal

(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed;  nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(f)[ (g) ] if this title.

## 11 USC § 1208.   Conversion or dismissal

(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time.   Any waiver of the right to convert under this subsection is unenforceable.

(b) On request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

\*     \*     \*     \*     \*     \*

(e) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

## 11 USC § 1221.   Filing the plan

The debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend such period if the need for an extension is attributable to circumstances for which the debtor should not justly be accountable.

## 11 USC § 1224.   Confirmation hearing

After expedited notice, the court shall hold a hearing on confirmation of the plan.   A party in interest, the trustee, or the United States trustee may object to the confirmation of the plan.   Except for cause, the hearing shall be concluded not later than 45 days after the filing of the plan.

### *DISCUSSION*

■   The issue presented in this case is whether a debtor may, with the Court's permission, convert a Chapter 12 case to a Chapter 11 under the Bankruptcy Code.   As this case arises under Title 11, it is a core proceeding.   28 U.S.C. § 157.

A little more than a handful of cases have addressed this issue, but there is nonetheless a split of authority.   The majority of cases, including those from the Sixth Circuit, support the proposition that conversion from Chapter 12 to another chapter other than Chapter 7 should be allowed where the debtor has filed in good faith, there is no prejudice to the creditors, and such conversion would be equitable.   *In re Lawless,* 79 B.R. 850 (W.D.Mo.1987); *In re Orr,* 71 B.R. 639 (Bankr.E.D.N.C.1987); *In re Johnson,* 73 B.R. 107 (Bankr.S.D.Ohio 1987); *In re Bird,* 80 B.R. 861 (Bankr.W.D.Mich.1987); *In re Vaughan,* 100 B.R. 423 (Bankr.S.D.Ill.1989). The opposite line of cases holds that because a provision for such conversion was specifically deleted from the Chapter 12 Senate bill, the omission conclusively shows that it was the intent of Congress not to allow conversion.   *In re Christy,* 80 B.R. 361 (Bankr. E.D.Va.1987); *Matter of Roeder Land & Cattle Co.,* 82 B.R. 536 (Bankr.D.Neb.1988).

The leading case cited by the majority appears to be *In re Orr*, 71 B.R. 639, 642 (Bankr.E.D.N.C.1987). In *Orr*, as in the present case, a creditor moved to have a debtor's Chapter 12 case dismissed on the basis that the debtor did not qualify as a "family farmer," as defined in what is now § 101(18)(A), and therefore the debtor did not qualify for Chapter 12 relief under 11 U.S.C. § 109. *Id.* at 640. The debtor then moved to convert the case to a Chapter 11. The Court noted that though debtors may convert a Chapter 11 case to a Chapter 12 if such conversion would be equitable, there is no similar code section which addresses whether a Chapter 12 debtor's request to convert to a Chapter 11 is allowable. *Id.* at 641. The Court explained that Congress had originally drafted a provision that would have allowed such a conversion, but had deleted the provision to eliminate delays which could result in manipulative conversions by the debtor. *Id.* The Court's analysis aptly explains the concern of Congress and the reasons for its holding:

> It would be entirely unfair to creditors to permit a debtor who was unsuccessful in chapter 12 to start anew in chapter 11 or chapter 13 after exhausting the chapter 12 process. Chapter 12 is designed to make confirmation of plans easier than confirmation of plans under chapter 11 and, in most cases, it would make no sense to begin again in chapter 11 where confirmation is more difficult.

> There may, however, be situations when conversion from chapter 12 to chapter 11 or chapter 13 would not be unfair to creditors and the denial of conversion would be inequitable to the debtor. The case now before the court falls into that category. It is apparent that [debtors] filed their petition under chapter 12 in good faith believing their aggregate debts did not exceed [the chapter 12 debt limit] and that they met the definition of "family farmer" under [11 U.S.C. § 101(18)(A)] and the definition of "family farmer with regular annual income" under [11 U.S.C. § 101(19)].

\* \* \* \* \* \*

S. 2249, the Senate version of chapter 12, contained a provision which would have specifically addressed [the debtors situation]. S. 2249, § 1210(b), would have permitted a person filing a chapter 12 petition in good faith to convert to chapter 7, 11, or 13 if the person was determined ·by the court to be a "family farmer." Chapter 12 has no such provision, but conversion from chapter 12 to chapter 11 in these circumstances should not be denied.

An alternate solution would be to dismiss the debtor's case and permit a refiling under chapter 11. The dismissal of a case does not "prejudice" the debtor with regard to filing a subsequent petition under the title, except as provided in section [109(g)]. 11 U.S.C. § 349(a).

\* \* \* \* \* \*

Section 109(g) would not bar refiling in this case because the dismissal was not requested by the debtors and dismissal was not based on the 'willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.'

\* \* \* \* \* \*

The debtors could refile after dismissal, but what would be accomplished? There is no evidence that creditors would be prejudiced by allowing conversion to chapter 11 and there appears to be no good reason to require the formality of refiling. *Id.* at 642. (Footnotes omitted.)

There are also other concerns beyond the inconvenience of the unnecessary formality of refiling under a different chapter. The Court in *In re Vaughan*, 100 B.R. 423 (Bankr.S.D.Ill.1989) noticed that, "[T]he change in the petition date which would occur upon refiling would be potentially detrimental to creditors because of the change of the date used in computing the preference period." *Id.* at 426. This Court also notes that creditors could be prejudiced by the possible additional of new debts incurred post-petition. Further, new creditors which dealt with the debtor post-petition and relied upon the debtor's inability to seek discharge under the present bankruptcy could likewise

be surprised to find themselves listed on the new Chapter 11 schedules.

The leading case holding that conversion from Chapter 12 to Chapter 11 is not allowed under the Bankruptcy Code is *In re Christy,* 80 B.R. 361 (Bankr.E.D.Va.1987). In *Christy,* the Court noted that § 1208 provides for the conversion of a Chapter 12 case to a Chapter 7, but is silent as to conversion to any other chapter. *Id.* at 362. By contrast, the Court noted, the conversion sections of other sections specifically allow for extensive conversion. *Id.* Thus, the court held:

> Given this statutory scheme for conversion of cases, the omission of code language allowing conversion of a chapter 12 case to a case under chapter 11 under any circumstances is conspicuous. Moreover, the legislative history for chapter 12 indicates that the omission of this authority from section 1208 was intentional and that Congress opted to deny a chapter 12 debtor the ability to convert a chapter 12 case to a case under chapter 11 or chapter 13. *Id.*

The Court also expressed its dissatisfaction with the holding it felt it was obligated to make. The Court stated that:

> [E]ven though the Court finds the debtors in this case acted in good faith and have not attempted the type of manipulation that was the concern of Congress, this Court is reluctant to supply the legislative omission from section 1208 by allowing the debtors to convert to a chapter not specifically authorized by the code.
>
> The bankruptcy court, being a court of limited jurisdiction and power, possesses only those powers authorized by Congress. Accordingly, this Court should not exercise its equitable powers in a manner inconsistent with the provision of the Bankruptcy Code. *Johnson v. First Nat'l Bank of Montevideo, Minnessota,* 719 F.2d 270, 273 (8th Cir.1983), *cert. denied* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). *Id.* at 363.

This Court does not share the *Christy* court's limited view of the powers of the Bankruptcy Court. Even the Court in *Johnson v. First Nat'l Bank of Montevideo,* the case cited in *Christy,* notes the "broad powers" granted to the Bankruptcy Court under § 105(a). *Johnson* at 273. Further, the *Johnson* Court explained that § 105 stems from Section 2(a)(15) of the Bankruptcy Act, which allowed a Bankruptcy Court to, "issue such orders as might be necessary to prevent the defeat or impairment of its jurisdiction and to protect the integrity of the bankruptcy estate." *Id.*

■ This Court is of the belief that the issue in this case is indeed one which could impair the Bankruptcy Court's jurisdiction, and could certainly harm the integrity of the bankruptcy estate. It appears clear to this Court that dismissing a Chapter 12 debtor only to have him refile and thereby causing a change in the petition date as relied upon by both pre-petition and post-petition creditors, and thereby also effectively shortening the preference period, would certainly cause harm to the integrity of the bankruptcy estate.

Further, this Court does not believe that the outcome reached in *Christy* truly reflects the intent of Congress. Indeed, as noted by the court in *In re Johnson,* 73 B.R. 107, 109 (Bankr.S.D.Ohio 1987), Judge A. Thomas Small, the author of *In re Orr,* was specifically recognized in the Congressional Record by Senator Charles Grassley, Chapter 12's primary Senate sponsor, for his contributions in drafting the Chapter 12 legislation. Judge Small noted that, "The omission may not have been entirely unintentional," and apparently felt that such an omission was intended by Congress to leave the decision to the courts. *Orr* at 641. This Court agrees. If Congress had a clear intent to not allow conversion to other chapters, they could have said so. This Court believes that the holding that conversion to Chapter 11 should be allowed when the debtor filed for Chapter 12 relief in good faith, the creditors are not prejudiced, and when the facts of the case resolve the Congressional concern that such a conversion could be used to manipulate the bankruptcy system.

Further still, this Court notes that the intent of Congress to leave this issue to the Judiciary is also reflected in § 1208(e). Under that subsection, the case may not be

converted to "another chapter" unless the debtor qualifies as a debtor under the chapter to which conversion is sought. This Court fails to see the purpose of this broad language if the only conversion allowed under § 1208 is to Chapter 7. This Court believes this section was intended to apply in the event the Judiciary decided to allow conversion to other chapters.

■ This Court, having decided to follow the *Orr* line of cases in holding that conversion from Chapter 12 to another chapter can be allowed at the Court's discretion when there is no evidence of bad faith, creditors are not prejudiced, and such conversion is in the interests of equity, must now apply this rule to the facts of this case. The Debtors herein claim to have erred by listing all debts incurred by Oak Ridge as disputed instead of the correct listing as contingent, and as a result it appears the amount of debt exceeds the allowable amount for the Debtor to be eligible for Chapter 12 relief. Also, the Debtor, in its motion in opposition to the motion to dismiss, also seems to have relied upon the legal premise that once the non-farming debt liens attached to the farming assets, the debt would qualify as farming debts. However, as stated before, the Debtor apparently has abandoned this position.

This Court can find two cases similar to the case herein where the Court followed the *Orr* line of cases and denied a debtor's motion to convert due to a lack of good faith. In *In re Johnson*, 73 B.R. 107 (Bankr. S.D.Ohio 1987), bad faith was found where the debtor/spouses improperly filed separate Chapter 12 petitions to try to get under the Chapter 12 debt ceiling. In *In re Lawless*, 79 B.R. 850 (Bankr.W.D.Mo.1987), the District Court found bad faith where debtors waited until 10 days after their reorganization plan was due to file the motion to covert.

The Court finds no bad faith in the instant case. Though not addressed in this case, the Court is not unmindful that the Debtor's original position regarding its qualification as a "family farmer" under 11 U.S.C. § 101(18)(A) appears to show a legal judgment concerning a rather obvious legal issue. Even so, the Court does not find that the error was purposeful. As the Court noted in

*In re Bird*, 80 B.R. 861, 864 (Bankr. W.D.Mich.1987), "The Court feels it is inappropriate to now penalize the Debtors as a result of their attorney's neglect." Thus, the Court will grant Debtor's Motion to Convert to Chapter 11.

■ Grower has also filed a Renewed Motion to Dismiss on the basis that Debtor has failed to timely file a plan under § 1221, and that there has been no timely confirmation hearing pursuant to § 1224. The Court finds it unreasonable to have expected the Debtor to incur unnecessary administrative expenses to pursue a plan under Chapter 12 when the only alternatives pending this Court's decision were a dismissal or granting debtor's conversion to Chapter 11. However, this Court agrees with Grower to the extent that it would like to see a speedy resolution to this matter, and that the Debtor should not be rewarded for his error. This Court will thus deny Grower's Renewed Motion to Dismiss, but set a deadline for the proposed Chapter 11 plan and disclosure statement from the Debtor of forty (40) days after the date of this Order.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the Motion for Conversion to Chapter 11 be, and is hereby, **GRANTED**.

It is further **ORDERED** that the Motion to Dismiss of Grower Service Corporation be, and is hereby, **DENIED**.

It is further **ORDERED** that the Renewed Motion to Dismiss of Grower Service Corporation be, and is hereby, **DENIED**.

It is further **ORDERED** that Debtor file a Chapter 11 plan and disclosure statement within forty (40) days of the filing of this Order.