**In re Thomas Benedict FEELY and Ellen Hemmert Feely, jointly and d/b/a Feely Brothers Farm, Debtors.**

**In re James Patrick FEELY and Elizabeth Feely, jointly and d/b/a Feely Brothers Farm, Debtors.**

**Bankruptcy Nos. 87–01345, 87–01344.**

United States Bankruptcy Court,
S.D. Alabama.

Dec. 6, 1988.

E.E. Ball and Richard M. Kemmer, Jr., Ball, Simon and Kemmer, Bay Minette, Ala., for debtors.

E. Elliott Barker, Nettles, Barker, Janecky & Copeland, Mobile, Ala., for movant.

## ORDER

GORDON B. KAHN, Chief Judge.

This matter having come on for hearing upon the motion of The Federal Land Bank of Jackson, In Receivership, for Reconsideration of this Court's orders converting the debtors' Chapter 11 cases to cases under Chapter 12, or in the alternative, to Dismiss the debtors' Chapter 12 Proceedings; due notice of said hearing having been given; and the motions in these cases having been consolidated by consent of the parties; and the Debtors and their attorneys, E.E. Ball and Richard M. Kemmer, Jr., having appeared; and E. Elliott Barker having appeared for The Federal Land Bank of Jackson; and arguments and evidence having been presented; now, therefore, the Court finds, concludes, and orders as follows:

## FINDINGS OF FACT

1. On August 28, 1987, the Feelys filed petitions for relief under Chapter 11 of the Bankruptcy Code. Thomas and Kay Feely listed a total aggregate indebtedness of $1,743,972.91; James and Joan Feely listed aggregate indebtedness of $1,760,838.91.

2. James and Thomas Feely are partners in a farming operation known as Feely Brothers Farm; their bankruptcy cases are interrelated as they own property jointly and are jointly liable on certain debts incurred in their farming operations.

---

3. During the pendency of their Chapter 11 cases the debtors were successful in having the debt owed the Farmers Home Administration reduced from approximately $720,000.00 to $400,000.00. This reduced their respective aggregate indebtedness to less than $1,500,000.00.

4. On June 28, 1988, the debtors filed motions to convert their bankruptcy cases to cases under Chapter 12 of the Bankruptcy Code. Thomas and Kay Feely filed proposed Chapter 12 schedules indicating a total aggregate indebtedness of $1,417,-394.49; James and Joan Feely filed proposed Chapter 12 schedules indicating a total aggregate indebtedness of $1,423,-394.49. FLB filed objections to the motions to convert.

5. On July 20, 1988, this Court granted the debtors' motions to convert to Chapter 12 and overruled FLB's objections to the motions to convert.

6. On August 22, 1988, FLB filed the instant motions for reconsideration of this Court's July 20, 1988, orders.

## CONCLUSIONS OF LAW

The Federal Land Bank of Jackson asks this Court to reconsider its order of July 20, 1988, wherein the debtors' Chapter 11 cases were converted to cases under Chapter 12 of the Bankruptcy Code. FLB contends that since the debtors did not qualify for Chapter 12 at the time they filed their Chapter 11 petitions, they were ineligible to convert to Chapter 12 when they subsequently qualified as "family farmers" under 11 U.S.C. section 101(17). Section 101(17) limits family farmer to an "individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $1,500,000."

In support of their contention that the court must look to the date of the original petition to determine whether the debtors may convert to Chapter 12, FLB cites *In re Labig*, 74 B.R. 507 (Bkrtcy S.D.Ohio 1987), for the proposition that the debtors must qualify as "family farmers" as of the date of the filing of the bankruptcy petition. However, the Court finds the holding in *Labig* inapplicable to the instant case.

In *Labig*, the court dismissed the case after determining that the debtors' aggregate indebtedness exceeded the $1,500,-000.00 limit at the time they filed their Chapter 12 petition. In reaching that conclusion, the Court noted that:

"Section 101(17) is silent regarding the appropriate date to determine the amount of debt for purposes of the $1,500,00 limitation, but this court believes it reasonable to use the date of the filing of the bankruptcy petition."

*Labig, supra,* at 509.

In the instant case, the debtors filed under Chapter 11 because they were ineligible for Chapter 12 relief. After their aggregate indebtedness was reduced and they qualified as "family farmers" they filed motions to convert to Chapter 12.

Unlike the *Labig* case, the Feelys' original petitions were proper and this Court obtained jurisdiction over their cases. In *Labig, supra,* the bankruptcy court never acquired jurisdiction over the case as the Labigs improperly filed under Chapter 12. When a debtor ineligible for Chapter 12 relief properly files a Chapter 11 petition and subsequently seeks to convert to Chapter 12, the court should determine the debtor's eligibility for Chapter 12 at the time of the motion to convert.

The Court notes that even if the original date of the petition were used, the debtors could dismiss their Chapter 11 proceeding and refile Chapter 12. "Bankruptcy courts are inherently courts of equity with broad remedial powers." *In re Ranch House of Orange–Brevard, Inc.*, 773 F.2d 1166, 1169 (11th Cir.1985). "Equity does not require the doing of a foolish act." *Lavretta v. First National Bank*, 235 Ala. 104, 178 So. 3, 11 (1938). The motions to reconsider and the motions to dismiss are due to be denied. Now, therefore, it is

ORDERED that the Motions of the Federal Land Bank of Jackson for Reconsideration of this Court's order converting the debtors' Chapter 11 cases to Chapter 12 cases or in the alternative to Dismiss the

debtors' Chapter 12 proceedings, be, and they hereby are, DENIED.