# IN the MATTER OF Ross Michael CLARK, Debtor

## CASE NO. 15–40434

United States Bankruptcy Court, N.D. Indiana.

Signed April 13, 2016

Thomas B. O'Farrell, Noblesville, IN, for Debtor.

## DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

Robert E. Grant, Chief Judge, United States Bankruptcy Court

This is the debtor's third chapter 12 in the last few years.[1] The others were dismissed for various reasons. Co–Alliance, LLP, one of the debtor's creditors, wants that same fate to befall this one. It contends the debtor is not a family farmer because his "aggregate debts" exceed $4,031,575 and so he is not eligible for relief under chapter 12. *See,* 11 U.S.C. § 101(18) (defining "family farmer" as "an individual .... engaged in a farming operation whose aggregate debts do not exceed $4,031,575 ..."); § 109(f) ("only a family farmer ... may be a debtor under chapter 12 ..."). It reaches this conclusion based

---

1. This count does not include the debtor's first case, case no. 13–40542, which the court dismissed sua sponte due to the failure to satisfy the minimum requirements necessary to initiate a case. *See,* 11 U.S.C. §§ 301, 521; 28 U.S.C. § 1930(b); Fed. R. Bankr.P. Rules 1002, 1007. *See also,* N.D. Ind. L.B.R. B–1002–1.

on the proofs of claim which have been filed in the case and total $4,141,861.74–$110,286.74 over the statutory limit. · The matter is before the court on Co–Alliance's motion for summary judgment and the debtor's response thereto.

Rule 56 requires the moving party to inform the court of the basis of the motion and to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once it does so, the non-moving party must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact requiring trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The non-moving party is required to come forward and identify "specific facts" that are in issue and then, through the use of affidavits or other admissible evidence, affirmatively demonstrate the existence of genuine issues concerning them. In determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion, as supported by the depositions, discovery responses, affidavits and other admissible evidence on file. N.D. Ind. L.B.R. B–7056–1. This rule thus clarifies the moving party's need· to first identify

and come forward with the facts supporting its position and, once it has done so, the non-moving party's obligation to identify which facts are in dispute and to come forward with evidence confirming the dispute. *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921–22 (7th Cir.1994). *See also, Vukadinovich v. Board of School Trustees,* 278 F.3d 693, 699 (7th Cir.2002) ("The non-movant will successfully oppose summary judgment only when it presents 'definite, competent evidence to rebut the motion.' ").

A debtor must satisfy certain debt limits to be eligible for relief under either chapter 12 or chapter 13. The characteristics of the debts that are counted toward those limits differ, however. The requirements for counting under chapter 13 are more restrictive than under chapter 12. Chapter 13 eligibility concerns itself only with debts that are "noncontingent and liquidated," while eligibility under chapter 12 is based upon a debtor's "aggregate debts."[2] Despite these differences, both chapters have one thing in common: When there is a dispute over whether a particular debtor is within the required debt limit, where does the court begin and what should it consider?

The present controversy involves how the court determines a debtor's "aggregate debts" for the purposes of chapter 12 eligibility. In this regard it presents more of a legal issue than a factual one. The debtor does not dispute the creditor's position that the filed claims exceed the statutory limit for chapter 12. Nonetheless, it contends eligibility is determined by the amount of debt listed in the debtor's

---

**2.** The claims of creditors bringing an involuntary petition are also subject to restrictions. Only creditors holding claims that are "not contingent as to liability or the subject of a bona fide dispute as to liability or amount" qualify. 11 U.S.C. § 303(b)(1). Taken to-

gether, § 101(18), § 109(e), and § 303(b) make it clear that Congress knew how to make distinctions between different debts in terms of whether they are contingent or noncontingent, liquidated or unliquidated, disputed or undisputed.

schedules, and so long as those schedules are filed in good faith they are determinative of the issue. Movant, on the other hand, argues that the court can look beyond a debtor's schedules to determine eligibility and can consider other evidence in calculating a debtor's "aggregate debts."

■ While the issue has not been addressed in connection with chapter 12, in chapter 13 the published decisions in this district have uniformly concluded that a debtor's schedules are just the starting point for determining eligibility; they do not end the inquiry; and, even when filed in good faith, the court may consider information beyond that contained in the debtor's schedules, including proofs of claim. *In re McGovern*, 122 B.R. 712, 714 (Bankr. N.D.Ind.1989) (Grant, B.J.); *In re Arcella–Coffman*, 318 B.R. 463 (Bankr.N.D.Ind. 2004) (Klingeberger, B. J.). Doing so is consistent with the Seventh Circuit's conclusion that the court's eligibility inquiry should not be restricted in a way that would allow debtors to avoid the applicable limitations on debt. *Matter of Day*, 747 F.2d 405, 407 (7th Cir.1984) (court should look to the value of property securing a claim, not just whether the creditor has a lien, in determining the amount of unsecured debt for eligibility under chapter 13). *See also, In re Albano*, 55 B.R. 363, 368 (N.D.Ill.1985) ("no debtor can be permitted to shoehorn himself or herself into Chapter 13"). The same approach is even more applicable to chapter 12 where the court is not hampered by the time constraints associated with chapter 13. *See, In re Labig*, 74 B.R. 507 (Bankr.S.D.Ohio 1987). Accordingly, the court holds that it can look beyond the information contained in the debtor's schedules to determine eligibility for relief under chapter 12. *Accord, Labig*, 74 B.R. 507.

■ The debtor does not dispute that the claims filed in this case total $4,141,861.74.[3] Instead, he tries to raise questions concerning the accuracy of some of them and argues that the dispute over the amount due should suffice to deny both the motion for summary judgment and the motion to dismiss.[4] The argument misapprehends the role disputes play in determining eligibility and assumes that attempting to create a dispute over the amount due a creditor can change the eligibility equation. It does not.[5] *Albano*, 55 B.R. at 368.

3. Claims are deemed allowed unless objected to. 11 U.S.C. § 502(a). Except for governmental units, the claims bar date expired on January 4, 2016. Although the debtor objected to one of those claims, that objection was dismissed on February 5, 2016 as the result of the debtor's failure to prosecute. *See,* Order to Show Cause, dated Jan. 8, 2016. Even if the objection had been successful, the other claims still exceed the statutory limit.

4. To the extent the debtor argues some claims include interest and expenses that accrued between the date of the last case and this one, since the prior case was dismissed including those additions is entirely proper. *See, In re Whitmore*, 154 B.R. 314, 316 (Bankr.D.Nev. 1993) (since "the effect of the dismissal of a case is to completely 'undo' a case and to restore all parties to their pre-bankruptcy positions ... the [creditor] must be returned to its pre-bankruptcy position as well, including being permitted to go back and calculate interest and penalties on former 'pre-petition' debts."). *See also, In re Irons*, 173 B.R. 910, 911 (Bankr.E.D.Ark.1994); *In re Mitchell*, 93 B.R. 615, 617 (Bankr.W.D.Tenn.1988) ("since the case was dismissed, the Movant was entitled to proceed as if no Bankruptcy filing occurred, including going back and calculating penalty and interest.").

5. The court assumes, without deciding, that the debtor's response to the motion is sufficient to identify a genuine issue concerning the amounts claimed due in one or more of the filed claims. It is, however, skeptical. The response to the summary judgment motion was not accompanied by any affidavits or other evidentiary materials specifically controverting the facts upon which the motion is

■ Eligibility for chapter 12 is deter-mined by a debtor's aggregate or total debt. The terms debt and claim are syn-onymous. *In re Energy Cooperative, Inc.,* 832 F.2d 997, 1001 (7th Cir.1987). This leads to a broad interpretation of the ag-gregate debt limit. *In re Vaughan,* 100 B.R. 423, 425 (Bankr.S.D.Ill.1989). In oth-er words, eligibility is determined by all the claims against the debtor, regardless of whether the claims are secured, unse-cured, liquidated, unliquidated, contingent, matured, unmatured or disputed, etc. *In re Quintana,* 107 B.R. 234, 237 (9th Cir. BAP 1989). *See also,* 11 U.S.C. § 101(5). It does not matter whether the dispute concerns liability or the amount due, a disputed claim is just that: disputed. Dis-puted claims are still part of the total debt the debtor seeks to deal with in the pro-ceeding and they count for the purposes of determining eligibility. When Congress wanted to exclude disputed claims from the eligibility calculus it clearly did so. *See,* 11 U.S.C. § 303(b)(1) (creditors hold-ing claims "subject to a bona fide dispute as to liability or amount" may not bring an involuntary case). Consequently, there is no exception for disputed debts and they are considered in determining a debtor's eligibility for relief under chapter 12. *In re Vaughan,* 100 B.R. at 424–25; *Quinta-na,* 107 B.R. at 241. *Accord, In re Barcal,* 213 B.R. 1008, 1012 (8th Cir. BAP 1997)

(disputed debts not excluded in determin-ing chapter 13 eligibility); *Albano,* 55 B.R. at 368 (same); *In re Ekeke,* 198 B.R. 315, 317–18 (Bankr.E.D.Mo.1996) (same).

The debtor's aggregate debts exceed the applicable statutory limit of $4,031,575, he is not a family farmer and, therefore, not eligible for relief under chapter 12. Co-Alliance's motion for summary judgment is granted and this case will be dismissed. An order doing so will be entered.

based. It may do nothing more than create some kind of metaphysical doubt concerning the amounts claimed due and that is not enough. *See, Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986) (more than metaphysical doubt is required to defeat summary judgment); *Kulak v. City of New York,* 88 F.3d 63, 71 (2nd Cir.1996) (con-clusory statements, conjecture, or speculation will not defeat summary judgment); *Contem-porary Mission v. United States Postal Service,* 648 F.2d 97, 107 n. 14 (2nd Cir.1983) (facts in opposition to summary judgment "must be material and of a substantial nature, not fan-

ciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions"). Nonetheless, it does not matter. Even a genuine issue must in-volve a *material* fact in order to defeat sum-mary judgment and, since disputed debts are considered in determining eligibility, any is-sue the debtor might have identified would not involve a material fact. *See, Logan v. Commercial Union Ins. Co.* 96 F.3d 971, 978 (7th Cir.1996) (irrelevant and unnecessary facts do not preclude summary judgment, even when they are disputed.). *See also, In re Daniel,* 227 B.R. 675, 678–79 (Bankr.N.D.Ind. 1998).