**In re Milton S. CHRISTY, t/a Lynndale Farm, and Evelyn L. Christy, Debtors.**

**Bankruptcy No. 87–00062–A.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Nov. 30, 1987.

Norman Oliver, Asst. U.S. Trustee, Alexandria, Va., for Office of the U.S. Trustee.

Stephen Mitchell, McKinley, Schmidtlein & Mitchell, Alexandria, Va., for debtors.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This matter comes before the Court on the debtors' Motion to Convert their pending chapter 12 case to a chapter 11 case. The Office of the United States Trustee opposes the motion. The Court heard argument on the motion on September 22, 1987, and took the matter under advisement. The Court has jurisdiction over these proceedings under 28 U.S.C. Section 1334 and 28 U.S.C. Section 157(b)(1).

The debtors filed their chapter 12 petition on February 12, 1987, scheduling a total indebtedness of approximately $1,793,903. Although the amount of indebtedness appeared to exceed Chapter 12's debt limitation of $1,500,000.00, the debtors represented in their Chapter 12 Supplement to the Statement of Affairs (Official Form No. 8) that a portion of the scheduled debt included debt owed by two of the debtors' corporate businesses upon which the debtors were not believed to be personally liable.[1] Accordingly, if this cor-

---

**1.** These two corporations, Agri–Service, Inc., Case No. 87–00064–A and Farmers Grain, Inc., Case No. 87–00063–A currently have chapter 11 cases pending before this Court.

porate debt was excluded from the debtors' personal indebtedness then the debtors' aggregate debt would be approximately $1,487,738 and within the debt limitation of chapter 12. *See,* 11 U.S.C. § 101(17) (West Supp.1987). However, after filing the chapter 12 petition, the debtors' attorney discovered that the debtors were personally liable on the debt of the corporations.

Thus the debtors are ineligible for relief under chapter 12 because their debt exceeds the jurisdictional limit, and they request the Court to approve the conversion of their case to a case under chapter 11.

In ruling on the debtors' conversion motion, the Court must determine whether, as urged by the United States Trustee, the absence of language in Section 1208 authorizing the conversion of a chapter 12 case to a chapter 11 case effectively prohibits the conversion. The Court concludes that it does, and the motion to convert must be denied.

The Bankruptcy Code contains rather detailed provisions relating to the conversion of bankruptcy cases from one code chapter to another. *See,* 11 U.S.C. Sections 706, 1112, 1208, 1307 (West Supp.1987). In chapter 12 cases, Section 1208 provides for conversion of a chapter 12 case to a case under chapter 7, but the section is silent as to the authority to convert a chapter 12 case to a case under chapter 11 or chapter 13. By contrast, the conversion sections of the other chapters specifically allow for extensive conversion. Section 706 authorizes conversion of a chapter 7 case to a case under either chapter 11, 12 or 13; Section 1112 allows for conversion of a chapter 11 case to a case under chapter 7, 12 or 13; and under Section 1307 a chapter 13 case may be converted to a case under

chapter 7, 11 or 12. The conditions for a particular conversion are set out in each code section.

Given this statutory scheme for conversion of cases, the omission of code language allowing for conversion of a chapter 12 case to a case under chapter 11 under any circumstances is conspicuous. Moreover, the legislative history for chapter 12 indicates that the omission of this authority from Section 1208 was intentional and that Congress opted to deny a chapter 12 debtor the ability to convert a chapter 12 case to a case under chapter 11 or chapter 13.

The creation of a new chapter in the Bankruptcy Code to deal with problems facing the family farmer traces its origins to committee activity in the Senate. On November 12, 1985, two subcommittees of the Senate Committee on the Judiciary held hearings to investigate the farm bankruptcy dilemma. In those hearings a draft of a proposed chapter 12 was submitted to the subcommittees for their consideration. This proposed bill sought to combine the best aspects of chapter 11 and chapter 13 into one new chapter specifically designed for the family farmer. *See, Farm Bankruptcy the Question of the Remedies Available to Debtors and Creditors Under Bankruptcy, How They Relate to the Great Plight of the American Farm and the Farm Family: Hearings Before the Subcomms. on Administrative Practice and Procedure, and Courts of the Senate Comm. on the Judiciary,* 99th Cong., 1st Sess. 209 (1985) [hereinafter Hearing] (draft of chapter 12 and commentary). This proposed bill appears to have formed the basis for Senator Charles E. Grassley's and Senator Strom Thurmond's push for the creation of chapter 12.[2] *See,* S. 2249,

**2.** Senator Grassley introduced Senate Bill 2249 on March 26, 1987. Apparently this bill was not reported out of committee, and therefore it was never debated on the Senate Floor. However, Senator Grassley submitted the provisions of this bill as Amendment #1838 to Senate Bill 1923. Although the Senate did not pass Senate Bill 1923, the Senate did attach the bill's chapter 12 provisions onto House Bill 2211 when it passed the Senate.

Bankruptcy issues over additional bankruptcy judgeships, the United States Trustee's program,

and farm bankruptcy were dealt with again in House Bill 5316. In passing this bill, the Senate attached its chapter 12 provisions to the bill, again rejecting the House's chapter 11 and chapter 13 modification approach to farm bankruptcy.

Although many farm bankruptcy bills were introduced in the House of Representatives and the Senate to amend the bankruptcy laws to be more responsive to the family farmer, only Senate Bill 2249, Senator Grassley's amendments to Senate Bill 1923, and Senator Thurmond's

99th Cong., 2nd Sess., 132 Cong.Rec. S3528–32 (daily ed. March 26, 1986); 132 Cong.Rec. S5549–53, S5555–58 (daily ed. May 7, 1986) (Amendment No. 1838 to S. 1923 by Senator Grassley); 132 Cong.Rec. S5613–19 (daily ed. May 8, 1986) [hereinafter Amendment I] (further consideration of Grassley Amendment No. 1838 to S. 1923); 132 Cong.Rec. S11,906–07, S11,991–S12,001 (daily ed. August 15, 1986) [hereinafter Amendment II] (Amendment No. 2772 to H.R. 5316 by Senator Thurmond).

In the Senate, consideration of two major bills, Senate Bill 1923 and House Bill 5316, preceded the passage and signing of the Bankruptcy Judges, United States Trustees, and Family Farmer Act of 1986, Pub. L. 99–554. S. 1923, 99th Cong., 1st Sess. (1985); H.R. 5316, 99th Cong., 2nd Sess. (1986). Although both bills did not originally contain a measure for farm bankruptcy, both bills were amended by the Senate to include provision for chapter 12. After amendment both of these bills contained the following conversion provision:

Section 1210. Conversion or dismissal

.   .   .   .   .

(b) If a person, in good faith, files a petition for relief under this chapter, but is not a family farmer, such person may convert the case to a case under chapter 7, 11, or 13 if such person may be a debtor under the chapter to which the case is being converted.

Amendment I, *supra* p. 4, at S5619, S5645 (Senate amending and passing H.R. 2211 in lieu of S. 1923); and Amendment II, *supra* p. 4, at S11,907, S11,992.

Although these early versions of chapter 12 contained limited authority to convert a case under chapter 12 to a case under chapter 7, chapter 11, or chapter 13, when the final conference report on the Bankruptcy Judges, United States Trustees, and Family Farmer Act of 1986 was agreed to by the Senate and the House of Representatives, the language allowing a good faith conversion had been deleted. 132 Cong. Rec. H8986–9002 (daily ed. Oct. 2, 1986) (conference report on H.R. 5316), and 132 Cong.Rec. S15,074–94 (daily ed. Oct. 3, 1986) (conference report on H.R. 5316).

The removal of the good faith conversion provision from the final bill is at least an indication that Congress specifically rejected the concept of allowing a debtor to convert a chapter 12 case to a case under chapter 11 or (chapter 13). Support for this conclusion may be found in the commentary accompanying the Senate version of chapter 12 which suggests that there were concerns about debtors filing under the new chapter and then converting their cases after having had the protections of the new chapter 12. 132 Cong.Rec. S5557 (daily ed. May 7, 1986) (statement of Senator Grassley and printing of section by section analysis of Family Farm Reorganization Act of 1986); *see also*, Hearings, *supra* p. 4, at 209.

Therefore, even though the Court finds the debtors in this case acted in good faith and have not attempted the type of manipulation that was of concern to Congress, this Court is reluctant to supply the legislative omission from Section 1208 by allowing the debtors to convert to a chapter not specifically authorized by the code.

The bankruptcy court, being a court of limited jurisdiction and power, possesses only those powers authorized by Congress. Accordingly, this Court should not exercise its equitable powers in a manner inconsistent with the provisions of the Bankruptcy Code. *Johnson v. First Nat'l Bank of Montevideo, Minnesota*, 719 F.2d 270, 273 (8th Cir.1983), *cert. denied* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). A strict and reasonable interpretation of Section 1208 in light of its legislative history

---

amendment to House Bill 5316 provided for the creation of a new chapter 12. The other farm bankruptcy bills, House Bill 1397, House Bill 1399, House Bill 2211 (house version) Senate Bill 1342, and Senate Bill 1516, proposed only to amend chapter 11 and chapter 13 so as to make

them more responsive to the farm community. *See,* H.R. 1397, 99th Cong., 1st Sess. (1985); H.R. 1399, 99th Cong., 1st Sess. (1985); H.R. 2211, 99th Cong., 1st Sess. (1985); S.1342, 99th Cong., 1st Sess. (1985); S.1516, 99th Cong., 1st Sess. (1985).

requires the denial of the debtors' motion to convert.[3]

For contrary views on the ability of a debtor to convert a chapter 12 case to a case under chapter 11 see *In re Orr*, 71 B.R. 639, 15 B.C.D. 832 (Bankr.E.D.N.C. 1987) and *In re Johnson*, 73 B.R. 107 (Bankr.S.D.Oh.1987).

An appropriate order shall issue.

IT IS ORDERED that the clerk shall forward copies of this opinion to all counsel of record including the Office of the United States Trustee.

**3.** The Court's denial of the motion is further supported by *In re Wulf*, 62 B.R. 155, 158 (Bankr.D.Neb.1986), a case in which conversion of a chapter 13 case to a case under chapter 11 was denied because the chapter 13 filing was held to be a nullity due to the debtor's exceeding the debt limitation of chapter 13.

Although the Court is compelled to deny the debtors' motion, the Court observes that allow-

ing conversion of a chapter 12 case to a case under chapter 11 or 13 under appropriate circumstances is a common sense approach that would facilitate the orderly administration of the bankruptcy system. With the denial of the debtors' motion, they must now take a dismissal of their chapter 12 case and file a new case under chapter 11.