**In the Matter of ROEDER LAND & CATTLE CO., Debtor.**

**Bankruptcy No. BK87–1151.**

United States Bankruptcy Court, D. Nebraska.

Feb. 9, 1988.

As Amended Feb. 12, 1988.

Vincent M. Powers, Lincoln, Neb., for debtor.

Frank M. Schepers, Kennedy, Holland, DeLacy & Svoboda, Omaha, Neb., for First National Bank and Trust of Kearney.

## MEMORANDUM AND ORDER

JOHN C. MINAHAN, Bankruptcy Judge.

THIS MATTER comes before the Court on Motion to Dismiss (Fil. # 64, October 18, 1987) by Creditor, First National Bank & Trust Company of Kearney and Relief from Stay (Fil. # 63, October 18, 1987). A hearing was held on these matters on November 24, 1987, at which time the motions were taken under advisement.

### FACTS

Debtor, Roeder Land & Cattle Co., a partnership comprised of three family members, Lowell A. Roeder, Carol A. Roeder, husband and wife, and Steven L. Roeder, Son, filed a Petition in bankruptcy under Chapter 12 on April 8, 1987. At the time of filing, the Debtors listed approximately $1,144,000.00 secured debts and $222,000.00 unsecured debts, for a total liability of approximately $1,366,000.00. However, proof of claims aggregating approximately $2,900,000.00 were filed placing the total debt well over the $1,500,000.00 limit for Chapter 12 debtors. Debtors filed a Plan of Reorganization on July 9, 1987 (Fil. # 38), which was set for confirmation hearing on August 21, 1987. Numerous objections were filed and it became clear that the initial proposed Plan would not be confirmable. Before another hearing could be set, Creditor, Bank, filed its Motion to Dismiss citing as reasons that the Debtors had not modified or amended their Plan, more than 45 days had elapsed since the date of the original confirmation

hearing, and that the Debtors did not qualify for relief under Chapter 12.

Debtors did not deny that the aggregate debt exceeded the Chapter 12 limits, but argued that the initial filing had been made in good faith and thus, they should be allowed to convert this Chapter 12 proceeding to a case under Chapter 11.

## DISCUSSION

The facts of this case suggest that Debtors filed under Chapter 12 in good faith and later discovered they were ineligible for relief under that Chapter. There is no evidence to the contrary. Debtors seek to convert to a case under Chapter 11. Decisional law is broadly divided on the issue of whether or not such conversion is permissible. Two well-reasoned cases appear on opposite sides of the question. *See, e.g., In re John William Orr*, 71 B.R. 639 (Bkrtcy. E.D.N.C.1987) (holding that a good faith debtor may convert provided that the bankruptcy process is not abused and no harm to creditors arises); *In re Christy*, 80 B.R. 361, 16 BCD 1007 (Bkrtcy.E.D.Virg.1987) (holding that based on the legislative history there is no provision in the Code allowing a debtor to so convert in any circumstance).

For the reasons set forth by Judge Tice in the *Christy* decision, a conversion from Chapter 12 to Chapter 11 should not be permitted. The legislative history and various arguments are outlined in the *Christy* and *Orr* decisions. The legislative history of Section 1208 discloses that a draft of the statute would have allowed conversion to Chapter 11 or 13 of cases mistakenly filed in good faith under Chapter 12. This proposal was not adopted. *Christy* 80 B.R. 361, 16 BCD at 1008. The statute, as enacted, permits conversion only to Chapter 7. 11 U.S.C. § 1208(a).

In interpreting section 1208 of the present Code, the expressed provision by the legislature which allows the Debtor to convert to Chapter 7 rebuts by necessary implication the idea that the Debtor could convert to other Chapters. In light of the legislative history of the Bill and the general legislative concern that there was room for abuse if the Debtor could convert from Chapter 12, which is a reorganization chapter to one of the other reorganization chapters (Chapter 11 or Chapter 13), I conclude that conversion should not be permitted. *See also, In Re Wulf,* 62 B.R. 155 (Bkrtcy. D.Neb.1986) (debtor ineligible for Chapter 13 could not convert to Chapter 11).

Accordingly, the Debtor in this Chapter 12 case may not convert to a case under Chapter 11. In reaching this conclusion, the Court recognizes that the dismissal of this case and refiling under Chapter 11 may result in some detriment or advantage to Creditors depending upon the circumstances of the case. However, Congress determined not to permit conversion under these circumstances.

## CONCLUSION

THEREFORE, IT IS ORDERED that this case is dismissed.