**James Chris GREGERSON, Debtor.**

No. 01–01765S.

United States Bankruptcy Court,
N.D. Iowa,
Western Division.

Oct. 29, 2001.

A. Frank Baron, Sioux, IA, Linda A. Kobliska, General Counsel, Ag Services of America, Inc., Cedar Falls, IA, for creditor.

Donald H. Molstad, Sioux City, IA, for debtor.

## ORDER RE: DEBTOR'S MOTION TO CONVERT TO CHAPTER 11 CASE

WILLIAM L. EDMONDS, Bankruptcy Judge.

Debtor James Gregerson moves to convert this case to chapter 11 under 11 U.S.C. § 1208. Berne Cooperative Association (hereinafter "Berne") objects to con-

version. It has filed a motion to dismiss the case. Hearing on the motion to dismiss has not yet been held. The chapter 12 standing trustee supports conversion to chapter 11. Hearing was held on October 16, 2001 in Sioux City. Donald H. Molstad appeared for the debtor. Gregerson was present but did not testify. Carol F. Dunbar, the trustee, appeared on her own behalf. A. Frank Baron appeared on behalf of Berne. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

There were no witnesses at the hearing. One exhibit, Gregerson's year 2000 tax return, was admitted into evidence. The court, at the request of Berne, agreed to consider the debtor's Statement of Financial Affairs and schedules. Debtor's attorney said he had no objection to such consideration. The facts determined by the court of necessity are based on the representations of the attorneys.

Gregerson filed his chapter 12 petition on May 15, 2001. His schedule "I" showed monthly income in the amount of $19,573.42 from the operation of a business or farm. He showed also $1,110.00 per month of income from social security benefits. For his spouse, who is not a co-debtor, Gregerson scheduled social security income of $487.00 per month and income from real property of $833.00 per month.

Gregerson scheduled no interests in real property. He and his spouse live on an acreage near Ute in Monona County. It is owned by his spouse. Gregerson's schedule of assets also listed his stock of "unknown" value in Gregerson Farms, Inc. and Gregerson Trucking, Inc. Gregerson owns one-third of the shares of Gregerson Farms, Inc. The other shares are owned equally by his two brothers. Gregerson owns all of the stock of Gregerson Trucking, Inc. It is engaged in farming land owned by Gregerson Farms, Inc.

Several years ago, Gregerson filed a chapter 12 case. Through a negotiated agreement with a bank creditor, the case was dismissed and certain property, including farm real estate, was transferred to the bank. Mrs. Gregerson filed a chapter 7 case. Afterward, she purchased an acreage from the same bank. The acreage had been part of the farmground which had been transferred by Gregerson to the bank as a result of his settlement. She took title to the real estate in her name only. She borrowed the purchase price from a different bank with which the Gregersons had previously done business. It was located in Nebraska. The bank was unwilling to lend Mrs. Gregerson money to purchase the acreage without collateral in addition to the acreage. Gregerson pledged his shares of stock in Gregerson Trucking and Gregerson Farms.

Gregerson owed Berne money. Berne obtained a judgment against Gregerson on its claim. At the time of the bankruptcy petition, Gregerson listed the debt as $190,402.67. Gregerson listed other unsecured debt of $126,726.82. Berne's scheduled claim is 60 per cent of the unsecured debt. Also, Gregerson listed priority tax claims in the amount of $21,350.59.

Gregerson's only scheduled secured creditor was Berne. Less than two months before the bankruptcy filing, Berne purchased from the bank in Nebraska Mrs. Gregerson's promissory note, and Berne took an assignment of the collateral—the mortgage on her acreage and Gregerson's stock in the two corporations.

Berne, as judgment creditor, levied on the stock. According to Gregerson's attorney, Berne planned to release its assigned security interest in the stock to permit itself to sell the stock at an execution sale in order to satisfy its levy. The chapter 12 petition was filed before the sale took place. Gregerson has filed an adversary complaint against Berne to avoid Berne's levy on the stock as preferential under 11 U.S.C. § 547.

■ Gregerson moves this court to convert his case to chapter 11. His attorney now concedes that Gregerson does not qualify as a family farmer so as to be a debtor under chapter 12. Attorney Molstad says that Gregerson relied on Molstad's advice in filing the chapter 12 petition. Molstad said he was concerned about whether Gregerson had sufficient farm income to file a chapter 12 case. He had hoped that the gross income from the two corporations would be included in Gregerson's gross income calculations under 11 U.S.C. § 101(18)(A). That code section defines an individual "family farmer" as one who receives from a farming operation owned or operated by him more than 50 per cent of his gross income for the taxable year preceding the taxable year in which the case was filed.

Molstad said he called Carol Dunbar to ask her if she thought there was a problem in considering the corporations' gross incomes in filing a chapter 12 petition for Gregerson. Molstad said that Dunbar did not see a problem. However, at the time of their conversation, Dunbar had not seen Gregerson's personal tax return for the year 2000. Neither had Molstad.

Molstad concedes now that Gregerson did not and does not qualify for chapter 12 because the corporations' gross incomes may not be considered in determining whether Gregerson meets the chapter 12 qualification requirements. He argues that the chapter 12 petition was filed in good faith and that conversion would not prejudice creditors. On the contrary, he says, conversion would help unsecured creditors because it would preserve the preference action against Berne which otherwise would be lost if the case were dis-

missed. If a new case were filed, the allegedly preferential transfer, the levy against the stock, would then have taken place outside the 90–day preference period. For this reason, the standing trustee favors conversion.

Berne contends that the court does not have the jurisdiction or authority to convert a misfiled chapter 12 case to chapter 11. Alternatively, Berne contends that the case should not be converted because of the prejudice of further delay and the absence of any way Gregerson could effectuate a plan.

■ I conclude that I have the jurisdiction over a motion to convert a chapter 12 case of a non-qualifying debtor to chapter 11. The jurisdictional grant arises under 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(a) and (b).

Whether the Code provides authority for such a conversion presents a more difficult issue. Section 1208(a) of the Bankruptcy Code provides that a "debtor may convert a case under [chapter 12] to a case under chapter 7 of this title at any time." 11 U.S.C. § 1208(a). Section 1208(e) provides that "[n]otwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." The section says nothing about the conversion of a chapter 12 case to a chapter 11 case. This is dissimilar to § 706(a), 1112(a) and (d), and 1307(a) and (d). These sections involve the conversion of cases under chapters 7, 11, and 13 respectively. Each of the cited sections mentions the specific chapters to which a case may be converted. As stated, § 1208 is silent about conversion to chapter 11.

Nonetheless, courts have determined that a chapter 12 debtor may convert the chapter 12 case to chapter 11 with the permission of the court. *In re Miller*, 177 B.R. 551 (Bankr.N.D.Ohio 1994); *Matter of Bird*, 80 B.R. 861, 863 (Bankr. W.D.Mich.1987); *In re Orr*, 71 B.R. 639, 643 (Bankr.E.D.N.C.1987). Conversion has been permitted when the court has found that the debtor has filed the chapter 12 case in good faith, there is no prejudice to creditors, and the conversion of the case would be equitable. *In re Miller*, 177 B.R. at 553.

Other courts have denied conversion from chapter 12 to chapter 11, stating that it is not authorized by the Code. *In re Christy*, 80 B.R. 361, 363 (Bankr.E.D.Va. 1987); *Matter of Roeder Land & Cattle Co.*, 82 B.R. 536, 537 (Bankr.D.Neb.1988).

■ Berne has raised the issue of the debtor's statutory right to convert. However, neither party has briefed this difficult matter. I do not believe I need to reach this legal issue. I will assume without deciding that a debtor may convert a chapter 12 case to a case under chapter 11. Assuming authority exists for such a conversion, Gregerson's motion to convert will be denied because I find that Gregerson did not file this case in good faith.

Gregerson and his attorney knew that any farm income of Gregerson Trucking and Gregerson Farms was not Gregerson's. This was not a case of whether a debtor's income was income from a farming operation. *See Otoe County National Bank v. Easton (In re Easton)*, 883 F.2d 630 (8th Cir.1989); *In re Creviston*, 157 B.R. 380 (Bankr.S.D.Ohio 1993). It was clear from Gregerson's year 2000 tax return (exhibit 1) that he had received $13,951.00 in social security benefits of which $6,654.00 was taxable and that he had received $8.00 in interest income. A schedule attached to the return showed $2,072.00 in non-passive income and $1,228.00 in non-passive loss, both from

Gregerson Farms. The net income from Gregerson Farms was $844.00.

Courts have used the tax law meaning of "gross income" in making chapter 12 eligibility decisions. *In re Fogle*, 87 B.R. 493, 496 (Bankr.N.D.Ohio 1988); *Matter of Schafroth*, 81 B.R. 509, 511 (Bankr. S.D.Iowa 1987). Indeed, in determining eligibility for chapter 12, some courts have refused to consider anything besides the debtor's tax return. *In re Bergmann*, 78 B.R. 911, 912 (Bankr.S.D.Ill.1987); *In re Nelson*, 73 B.R. 363, 365 (Bankr.D.Kan. 1987).

Yet in the pending case, debtor and his attorney made the filing decision based not on Gregerson's income, but on income paid to corporations in which the debtor had an ownership interest. Debtor's tax return was prepared on or about March 27, 2001. Gregerson's chapter 12 petition was not filed until May 15, 2001. An examination of the tax return clearly shows that Gregerson had not received more than 50 per cent of his gross income from a farming operation owned or operated by him. Nonetheless, he filed a chapter 12 petition. I find that Gregerson could not have reasonably believed that he was a family farmer who was qualified to seek relief under chapter 12. His petition was not filed in good faith, and he should not be permitted to convert to chapter 11. I see no reason to schedule for hearing Berne's motion to dismiss. Debtor concedes that he does not qualify for chapter 12. The case should be dismissed. Before a dismissal order is entered, the debtor will be given an opportunity to convert to chapter 7.

IT IS ORDERED that debtor's motion to convert to chapter 11 is denied. Debtor's chapter 12 case will be dismissed on November 5, 2001, unless before that date, debtor has converted to a case under chapter 7.

SO ORDERED THIS 29th DAY OF OCTOBER 2001.