In the Matter of Arnold Dean STUMBO, Janice L. Stumbo, Debtors.

No. 02–03315 CJ.

United States Bankruptcy Court, S.D. Iowa.

Nov. 13, 2002.

Jerrold Wanek, Des Moines, IA, for Debtors.

Carol F. Dunbar, Waterloo, IA, Chapter 12 Trustee.

## MEMORANDUM OF DECISION

LEE M. JACKWIG, Chief Judge.

Chapter 12 Debtors Arnold and Janice Stumbo ("Debtors"), who filed their petition for relief in good faith, filed a motion to convert this case to one under Chapter 11 of the United States Bankruptcy Code. No party in interest objected to the motion in writing or at the November 6, 2002 hearing on the motion. For the reasons set forth in this memorandum of decision, the Court concludes the motion must be denied.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1334 and the standing order of reference entered by the United States District Court for the South-

ern District of Iowa. This is a core matter under 28 U.S.C. section 157(b)(2)(A) and (O).

## BACKGROUND

On June 19, 2002 Debtors filed a petition for relief under Chapter 12 of the United States Bankruptcy Code. On September 4, 2002 U.S. Bank, National Association f/k/a Firstar Bank, N.A. ("Bank"), filed a motion to dismiss alleging that the Debtors were not eligible for Chapter 12 relief because their debts exceeded the statutory limit.[1] On September 20, 2002 the Debtors filed an objection indicating they believed they were eligible for Chapter 12 relief based on the proofs of claims that had been filed. On September 23, 2002 the Chapter 12 Trustee ("Trustee") joined in the Bank's motion. The Trustee argued the statutory limit was based on aggregate debts as of the date of filing and not on the amount of debt reflected on proofs of claims filed thereafter. The Trustee also noted the Debtors had failed to file their plan of reorganization by September 17, 2002 or to request an extension of the statutory deadline.[2]

In lieu of proceeding with an evidentiary hearing on the Bank's motion on October 1, 2002, the Debtors requested the Court enter an order dismissing this Chapter 12 case effective within 10 days of the entry of the order unless the Debtors converted this case in the interim. No party appearing at the hearing objected to that resolution. Accordingly the Court signed the proposed order prepared by Debtors' counsel. On October 2, 2002 the Clerk of Court entered the order on the docket.

---

1. Only a family farmer with regular annual income is eligible for Chapter 12 relief. 11 U.S.C. § 109(f). For cases involving an individual or an individual and spouse engaged in a farming operation, aggregate debts may not exceed $1,500,000.00. 11 U.S.C. § 101(18)(A).

2. Usually a Chapter 12 debtor must file the plan within 90 days after the petition date, but a court may grant an extension if the delay is beyond the debtor's control. 11 U.S.C. § 1221.

On October 11, 2002 the Debtors filed a motion to convert this Chapter 12 case to one under Chapter 11 of the United States Bankruptcy Code. They did not set forth any statutory authority permitting such a conversion but rather simply stated they were entitled to do so. On October 18, 2002 the Clerk of Court noticed a hearing on the Debtors' motion for November 6, 2002.

Counsel for the Debtors, the Bank, Gladys Stumbo and CitiCapital Commercial Corporation, f/k/a Associates Commercial Corporation, appeared at the hearing on the Debtors' motion. Relying on *In re Gregerson*, 269 B.R. 36 (Bankr.N.D.Iowa 2001), Debtors' counsel argued that a bankruptcy court may grant a Chapter 12 debtor's motion to covert to a case under Chapter 11 as long as the original filing was done in good faith. Debtors' counsel then contended that the equities of the pending case would permit this Court to grant the Debtors' motion. In essence, the other counsel agreed with him.

### APPLICABLE STATUTE

11 U.S.C. section 1208 addresses both conversion and dismissal of a Chapter 12 case. With respect to conversion, the statute states:

(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.

. . . .

(d) On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter or convert a case under this chapter to a

case under chapter 7 of this title upon a showing that the debtor has committed fraud in connection with the case.

(e) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C. § 1208.

### DISCUSSION

■ At the outset of this discussion, the Court observes that no controlling case law has discussed whether a debtor who is not eligible for relief under Chapter 12 may utilize section 1208 at all. The Court concludes the answer is in the affirmative because the United States Court of Appeals for the Eighth Circuit addressed the same issue in the context of a Chapter 13 proceeding and concluded a debtor who was not eligible for relief under Chapter 13 nevertheless could utilize 11 U.S.C. section 1307 to convert to another case. *See Rudd v. Laughlin*, 866 F.2d 1040, 1041–42 (8th Cir.1989) (holding that "statutes governing the authority of federal courts to hear bankruptcy cases do not limit jurisdiction according to amounts involved" and that 11 U.S.C. section 109 was not meant to restrict jurisdiction under those statutes.)

■ With respect to whether section 1208 permits conversion from Chapter 12 to Chapter 11, there is no controlling case law on point. Accordingly, the Court begins with a plain reading of the statute quoted above and finds the answer is in the negative. That is especially clear when section 1208 is compared with similar sections found in Chapters 7, 11 and 13 of the United States Bankruptcy Code.[3] If

---

**3.** 11 U.S.C. section 706(a) permits a Chapter 7 debtor to convert a case to one under Chapter 11, 12 or 13 at any time without question as long as the case has not been converted previously from one of those three chapters. 11 U.S.C. section 706(b) provides that, after notice and a hearing, a court may grant a motion filed by a party in interest, other than

Congress had intended that a Chapter 12 debtor could convert the case to one under Chapter 11, it easily could have enacted a specific provision to that effect.

In so holding, this Court recognizes there are courts that permit conversion from Chapter 12 to Chapter 11 regardless of the language of the statute or the legislative history as long as the equities of the case so warrant. The seminal case for that proposition appears to be *In re Orr*, 71 B.R. 639 (Bankr.E.D.N.C.1987). A minority view, represented by *In re Christy*, 80 B.R. 361 (Bankr.E.D.Va.1987), prefers to read section 1208 strictly and in light of the legislative history. Indeed, both decisions discuss the fact that an earlier version of Chapter 12 did provide for conversion to Chapter 11 or 13.[4] *Orr*, 71 B.R. at 641–42; *Christy*, 80 B.R. at 362–63. Accordingly, but only as an alternative to a plain reading of the statute in the context of the United States Bankruptcy Code, this Court adopts the minority view. *See also Matter of Roeder Land & Cattle Co.*, 82 B.R. 536, 537 (Bankr.D.Neb.1988)(noting Congress did not enact the draft of section 1208 that would have allowed conversion from Chapter 12 to Chapter 11 or

13 for cases filed under Chapter 12 mistakenly but in good faith).

As for the case cited by Debtors' counsel, the Court does not find it helpful in the present case. That is, the *Gregerson* court indicated it was assuming only for the purpose of discussion that a Chapter 12 debtor could utilize section 1208 to convert to Chapter 11. *Gregerson*, 269 B.R. at 39. The court then denied the motion to convert on the ground that the debtors did not file their Chapter 12 case in good faith. In the pending case, there is no dispute that the equities otherwise would support granting the motion to convert.

## CONCLUSION

WHEREFORE, this Court finds that 11 U.S.C. section 1208 does not permit a court to convert a Chapter 12 case to one under Chapter 11.

An Order denying the Debtors' October 11, 2002 motion to convert this case to one under Chapter 11 will be entered accordingly. The order will also provide that this case will be dismissed without further notice and hearing and without further order effective November 25, 2002 unless

---

the debtor, to convert a Chapter 7 case to one under Chapter 11.

11 U.S.C. section 1112(a) permits a Chapter 11 debtor to convert a case to one under Chapter 7 in all but three circumstances, and section 1112(d) permits a Chapter 11 debtor to convert a case to one under Chapter 12 or 13 if the debtor has not received a discharge of debt while in Chapter 11 and, for a conversion to Chapter 12, if the conversion is equitable. Other subsections of section 1112 provide, with some exception and qualification, for conversion of the case to one under Chapter 7 upon the motion of a party in interest other than the debtor.

11 U.S.C. section 1307(a) permits a Chapter 13 debtor to convert a case to one under Chapter 7 at any time without question. 11 U.S.C. section 1307(d) provides that, after notice and a hearing, a court may convert a

Chapter 13 case to one under Chapter 11 or 12 upon request by any party in interest or the United States Trustee as long as the request is made before the Chapter 13 plan is confirmed. One exception is when the debtor is a farmer and is not the party requesting the conversion. The same exception applies when a party in interest or the United States Trustee files a motion under 11 U.S.C. section 1307(c) to convert the case to one under Chapter 7.

4. That Congress was considering permitting Chapter 12 cases to convert to ones under Chapters 11 and 13, in addition to ones under Chapter 7, may explain why 11 U.S.C. section 1208(e) fails to specifically single out Chapter 7. Instead the wording of section 1208(e) is identical to sections 706(d), 1112(f) and 1307(f).

the Debtors file a motion to convert this case to one under Chapter 7 in the interim.